[No. 60773-7.   En Banc.   March 17, 1994.]

HELEN RIVETT, *Plaintiff*, v. THE CITY OF TACOMA, *Appellant*, JOSEPH GUNDERMANN, JR., ET AL, *Respondents*.

574

William J. Barker, City Attorney, John C. Kouklis, Chief Assistant, and Leah L. Clifford, Assistant, for appellant.

Burgess, Fitzer, Leighton & Phillips, P.S., by Timothy R. Gosselin, for respondents.

SMITH, J. — The City of Tacoma appeals from orders of the Pierce County Superior Court granting summary judgment to Joseph Gundermann, Jr. and "Jane Doe" Gundermann, which declared Tacoma Municipal Code (TMC) 9.17-.010 facially unconstitutional as an unreasonable exercise of the City's police powers and dismissed the cross-claim of the City against the Gundermanns. We accepted certification from the Court of Appeals, Division Two. We affirm the Superior Court.

### STATEMENT OF THE CASE

Plaintiff in the trial court, Ms. Helen Rivett (not a party to this appeal), claimed that on June 24, 1988, she was walking on a sidewalk at 920 South 8th Street in Tacoma and tripped over a 1- to 2-inch rise in the sidewalk when she fell and fractured the humerus in her left arm and sustained other injuries.[1] On that date Mr. and Mrs. Joseph Gundermann, Jr. owned, but did not live in, a house at the 8th Street address. They were residents of New York. There has been no change in this circumstance.[2]

---

[1]Clerk's Papers, at 2.

[2]Clerk's Papers, at 10.

On June 7, 1990, Ms. Rivett filed with the Tacoma city clerk a claim for damages against the City of Tacoma (City) for her injuries. This was the first notice the City received of the accident or of any defect in the sidewalk.[3] The City inspected the sidewalk and confirmed a 1 3/4-inch rise at an expansion joint on the sidewalk at 920 South 8th Street.[4]

On December 12, 1990, Ms. Rivett filed in the Pierce County Superior Court a complaint for damages for the injuries she sustained on June 24, 1988 against the City of Tacoma and Joseph Gundermann, Jr. and "Jane Doe" Gundermann (Gundermanns) alleging negligence in maintenance of the sidewalk. She claimed the Gundermanns "had a duty to maintain the sidewalk, upon which their property abutted, in a safe condition, free of hazardous conditions pursuant to Tacoma City Ordinance 9.17.010."[5] The City denied negligence and cross-claimed against the Gundermanns. It claimed the Gundermanns owed the City a duty of maintenance under TMC 9.17.010 and that it was entitled to indemnification from them under TMC 9.17.020 for any compensation Ms. Rivett might obtain from the City as a result of the suit.[6]

The Gundermanns' answer to Ms. Rivett is not in the record. However, they moved for summary judgment against her complaint, stating that TMC 9.17.010 does not provide a "private cause of action". On November 21, 1991, all parties stipulated to partial summary judgment in favor of the Gundermanns. The Honorable Arthur W. Verharen, Pierce County Superior Court, granted partial summary judgment dismissing all claims made by Ms. Rivett against the Gundermanns.[7]

---

[3]Clerk's Papers, at 36, 59, 63.

[4]Clerk's Papers, at 58-67.

[5]Clerk's Papers, at 1-4. Tacoma ordinance 18361, passed on September 5, 1967 is codified as TMC 9.17.010 and .020. See Clerk's Papers, at 55-57.

[6]Clerk's Papers, at 5-7.

[7]Supplemental Clerk's Papers, at 7-8.

The Gundermanns answered the City's cross-claim by denying all its allegations and asserting that the cross-claim failed to state a claim upon which relief could be granted.[8] They also filed a motion for summary judgment against the City, claiming TMC 9.17.020 is unconstitutional because (1) it is an unauthorized tax which is not levied equally or uniformly; (2) it is void as an unreasonable exercise of the police power; (3) it is "void for vagueness as it describes the penalty which is without limitation and has no basis for calculation"; and (4) it "does not provide procedural due process to the abutting landowner".

On January 10, 1992 and on January 24, 1992, the trial court granted summary judgment in favor of the Gundermanns against the City and dismissed the City's claims against them with prejudice.[9] However, the orders do not indicate the basis for the court's determination. At the January 10, 1992 hearing the attorney for the City asked the court for clarification. The court observed that if the statute is a tax, then it is unconstitutional; but that if it is not a tax, then it is an unreasonable exercise of the police power. Although the court stated it was "satisfied that there is no issue as to any material fact in this cause that would stand in the way of the court entering judgment," it made no findings of fact in its oral ruling or in the written order.[10]

On February 7, 1992, the City filed notice of appeal to the Court of Appeals, Division Two. It claims the trial court erred in declaring TMC 9.17.010 and .020 unconstitutional and in granting summary judgment in favor of the Gundermanns. On August 10, 1993, the Court of Appeals certified

[8]Clerk's Papers, at 8-9.

[9]The two orders are substantially similar except that (1) the order dated January 10, 1992 was not signed by Ms. Helen Rivett's representative, but the order dated January 24, 1992 was; and (2) the order dated January 10, 1992 did not dismiss the City's cross-claim with prejudice, but the order dated January 24, 1992 did.

[10]Court's oral ruling, Partial Verbatim Report of Proceedings, at 2-3; order granting defendant Gundermanns' motion for summary judgment; Clerk's Papers, at 74-76, 80-82, 83-85.

the appeal to this court. We accepted certification on August 11, 1993.

## QUESTIONS PRESENTED

The questions presented by this case are (1) whether a City of Tacoma ordinance, TMC 9.17.010 and .020, which purports to impose liability upon abutting private property owners for the condition of public sidewalks and purports to indemnify the City for any judgments arising out of negligent maintenance of public sidewalks, is constitutional; and (2) whether summary judgment was properly granted in favor of abutting private property owners in this action for personal injuries sustained by a third party from a negligently maintained public sidewalk.

## DISCUSSION

■ This case is an appeal from an order on summary judgment. In reviewing such an order, this court engages in the same inquiry as the trial court. Since the relevant facts are undisputed and the trial court's decision involved only questions of law, our review is de novo.[11]

The parties here do not dispute existence of the 1³/₄-inch "stub-toe" elevation on the sidewalk at 920 South 8th Street in Tacoma.[12] They agree that the Gundermanns are not *primarily* liable to Ms. Rivett for injuries she suffered because of the defective sidewalk, since the Gundermanns did not directly cause the damage to the sidewalk and because TMC 9.17.010 does not create a private cause of action.[13]

---

[11]RAP 9.12; *Tollycraft Yachts Corp. v. McCoy,* 122 Wn.2d 426, 431, 858 P.2d 503 (1993) (citing *Harris v. Ski Park Farms, Inc.,* 120 Wn.2d 727, 737, 844 P.2d 1006 (1993); *Department of Labor & Indus. v. Fankhauser,* 121 Wn.2d 304, 308, 849 P.2d 1209 (1993); *DuVon v. Rockwell Int'l,* 116 Wn.2d 749, 753, 807 P.2d 876 (1991)).

[12]See Affidavit of Lewis Law, Jr. (Coordinator of the Sidewalk Program for the City of Tacoma, Department of Public Works); Clerk's Papers, at 58-67.

[13]See memorandum in support of defendant's motion for summary judgment; Supplemental Clerk's Papers, at 2; stipulation for and order of partial summary judgment on behalf of defendants Gundermann; Supplemental Clerk's Papers, at 7-8.

It is clear that the City under its police powers may regulate the use of its sidewalks and declare, abate and fine nuisances.[14] It is also clear that cities are legally responsible for the physical condition of public sidewalks,[15] and that an abutting property owner is not legally responsible for the physical condition of a public sidewalk unless that property owner causes or contributes to the condition.[16] The Legislature has also abolished governmental immunity for cities by providing that cities are liable for their tortious conduct to the same extent as private persons or corporations.[17]

In 1967 the Tacoma City Council enacted ordinance 18361, which is codified as Tacoma Municipal Code 9.17.010 and .020. The ordinance, including the preamble, states in relevant part:

ORDINANCE NO. 1 8 3 6 1

AN ORDINANCE relating to public ways and amending Title 9 of the Official Code of the City of Tacoma by adding a new Chapter 9.17 consisting of two new Sections, 9.17.010 and 9.17.020.

WHEREAS, the owner of private property abutting on a public street is entitled to make lawful use of the street right of way so long as that lawful use is not inconsistent with the use of the street right of way by the public, and

WHEREAS, the right of the abutting owner to so use the street right of way necessarily carries with it the duty to the public that such use will not cause or become a public nuisance and/or will not cause, create or become a dangerous condition detrimental to the public use; Now, Therefore,

BE IT ORDAINED BY THE CITY OF TACOMA

. . . .

9.17.010 STREET RIGHT OF WAY — ABUTTOR'S DUTY. It shall be unlawful for the owner and/or any person, firm, or corporation occupying or having charge or control of any

---

[14]See Washington Constitution article 11, section 11 (grant of police powers to cities); RCW 35.22.010, .280(7) and (30) (defining "first class cities"; and granting of power to first class cities to construct and regulate public rights of way, including sidewalks, and to declare, abate and fine nuisances).

[15]See Kennedy v. Everett, 2 Wn.2d 650, 653-54, 99 P.2d 614, amended, 4 Wn.2d 729, 103 P.2d 371 (1940).

[16]See Stone v. Seattle, 64 Wn.2d 166, 169-70, 391 P.2d 179 (1964); see also Seattle v. Shorrock, 100 Wash. 234, 245-46, 170 P. 590 (1918).

[17]See RCW 4.96.010.

premises abutting upon any street, alley, or other public right of way within the City of Tacoma to construct, place, cause, create, maintain or permit to remain upon any part of said right of way lying between the curb line . . . and the abutting property line, any thing, structure or condition dangerous or hazardous to the use of said public right of way by the public, including but not limited to the following:

1.  Defective sidewalk surfaces, including, but not limited to, broken cement or stub-toes and depressions within or between sidewalk joints;

. . . .

9.17.020 LIABILITY OF ABUTTOR. *Whenever any injury* or damage to any person or property *shall be proximately caused by any of the dangerous, defective, or hazardous conditions* prohibited by the provisions of Section 9.17.010 above, the abutting property where the injury or damage occurs, and *the owner . . . of said abutting property, shall be liable to the City for all damages or injuries, costs and disbursements which the City may be required to pay to the person injured or damaged;* provided, however, that where the dangerous, defective or hazardous condition was caused, created or constructed by the City of Tacoma or its employees, no liability shall attach to the abuttor by reason thereof; provided further, that except in those cases where the abutting property owner . . . of said abutting property shall have caused, created, or contributed to the dangerous, defective or hazardous condition, *the said abutting property owner . . . of said abutting property shall not be liable to the City if, prior to the date of injury, a notice in writing was given to the Director of Public Works or his authorized representative setting forth the nature and location of the defect and a statement that the defect was not created by, caused by, or contributed to by the abutting owner . . . of said abutting property.*

(Italics ours.)

The Gundermanns claim TMC 9.17.020 is unconstitutional because it violates substantive due process as an unreasonable exercise of the police power, constitutes a tax which is not uniform, and violates procedural due process. The same ordinance was challenged on similar grounds in *Tropiano v. Tacoma*,[18] but this court determined the case could be decided on other nonconstitutional grounds. However, the opinion noted that the constitutional challenge was "not insubstantial".[19]

---

[18]105 Wn.2d 873, 877, 718 P.2d 801 (1986).

[19]*Tropiano*, at 877.

None of our other cases have addressed the constitutionality of indemnification for breach of an abutting landowner's duty to a city to maintain public sidewalks in a safe condition.

## Substantive Due Process

■ The substantive due process test of reasonableness for determining whether the police power has been abused was stated in *Presbytery of Seattle v. King Cy.*:[20]

> To determine whether the regulation violates [substantive] due process, the court should engage in the classic 3-prong [substantive] due process test and ask: (1) whether the regulation is aimed at achieving a legitimate public purpose; (2) whether it uses means that are reasonably necessary to achieve that purpose; and (3) whether it is unduly oppressive on the landowner. "In other words, 1) there must be a public problem or 'evil, 2) the regulation must tend to solve this problem, and 3) the regulation must not be 'unduly oppressive' upon the person regulated." The third inquiry will usually be the difficult and determinative one.[21]

The ordinance in this case satisfies the first two prongs of the test. Here, the problem which requires a solution is "dangerous, defective or hazardous conditions" on public sidewalks. The ordinance is directed at the problem of unsafe sidewalks. It requires persons in the best position to discover a defective condition (the abutting property owners) to act to protect the public. Under the ordinance that action is to notify the City in writing of the defective condition and to provide a statement that the abutting property owner did not cause the condition.

■ However, the ordinance does not satisfy the third prong of the test. The requirement of indemnification is "unduly oppressive". Under the ordinance, indemnification is not based upon a final judgment against the City, nor is it based upon a finding of fault against the abutting land-

---

[20]114 Wn.2d 320, 787 P.2d 907, *cert. denied*, 498 U.S. 911 (1990).

[21](Footnotes omitted.) *Presbytery of Seattle v. King Cy.*, 114 Wn.2d 320, 330-31, 787 P.2d 907 (citing *Orion Corp. v. State*, 109 Wn.2d 621, 646-47, 747 P.2d 1062 (*Orion II*), *cert. denied*, 486 U.S. 1022, 100 L. Ed. 2d 227, 108 S. Ct. 1996 (1988); quoting William B. Stoebuck, *San Diego Gas: Problems, Pitfalls and a Better Way*, 25 J. Urb. & Contemp. L. 3, 20 (1983)), *cert. denied*, 498 U.S. 911 (1990).

owner. The plain language of the ordinance indicates it would penalize without limit an abutting landowner simply for failure to notify the City of defects in a public sidewalk by requiring the property owner to indemnify the City for "all damages or injuries, costs and disbursements" the City may be required to pay to an injured person whenever there is an *injury*, rather than whenever there is a *judgment*.

The City claims that no fault is required of abutting landowners under TMC 9.17.020 because that section is intended to enforce the requirements of TMC 9.17.010. When the City signed the joint stipulation to dismiss her claims against the Gundermanns, it acknowledged that the Gundermanns are not liable to the injured party, Ms. Helen Rivett. The City does not claim the Gundermanns are negligent nor that they contributed to the defect in the sidewalk. The sole basis for the City's claim for indemnification is the failure of the Gundermanns to notify it in writing of a possible defect in the sidewalk as required by TMC 9.17.020.

It is unreasonable and "unduly oppressive" to require an abutting private landowner to indemnify the City without limitation for any sum paid to a person injured on a public sidewalk in order to enforce an ordinance requirement that the abutting landowner maintain the public sidewalk free of defects. This goes beyond the authority granted to a "first class city" by the Legislature for several reasons. First, it is primarily the City's duty to maintain public rights of way in a safe condition.[22] Here the ordinance, TMC 9.17.010, purports to place that primary duty upon the abutting landowner. Second, it is clear that under RCW 35.22.280(30) a first class city may "declare what shall be a nuisance", may abate the nuisance and may "impose fines upon parties who may create, continue, or suffer nuisances to exist". However, the words "impose fines" cannot be read to mean that the City may impose upon an

---

[22]RCW 35.22.280(7); *see also Kennedy v. Everett*, 2 Wn.2d 650, 653-54, 99 P.2d 614, *amended*, 4 Wn.2d 729, 103 P.2d 371 (1940); *Stone v. Seattle*, 64 Wn.2d 166, 169-70, 391 P.2d 179 (1964); *Seattle v. Shorrock*, 100 Wash. 234, 245-46, 170 P. 590 (1918).

abutting property owner a requirement for indemnification to the City "for all damages or injuries, costs and disbursements which the City may be required to pay to the person injured or damaged" under TMC 9.17.020. Third, the ordinance purports to require indemnification without adjudication of fault against the abutting landowner. Fourth, the requirement of indemnification is in violation of the abolition of governmental immunity under RCW 4.96.010 because it purports to immunize the City from payment for damages caused by its own negligence.

The trial court correctly determined that TMC 9.17.010 and .020 is an unreasonable exercise of the police powers of the City of Tacoma, and thus in violation of the due process clause of the Washington Constitution.

### Procedural Due Process

█ Procedural due process at a minimum requires notice and an opportunity to be heard.[23] "Generally, in looking at the degree of process that will be afforded in a particular case, the court balances the following interests: (1) the private interest to be protected; (2) the risk of erroneous deprivation of that interest by the government's procedures; and (3) the government's interest in maintaining the procedures."[24]

The Gundermanns claim the language of TMC 9.17.010 and .020 does not provide procedural safeguards (specifically notice) prior to imposition of liability for indemnification.[25]

---

[23]See *Watson v. Washington Preferred Life Ins. Co.*, 81 Wn.2d 403, 408, 502 P.2d 1016 (1972); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 40 L. Ed. 2d 406, 94 S. Ct. 1895 (1974).

[24]*Morris v. Blaker*, 118 Wn.2d 133, 144-45, 821 P.2d 482 (1992) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)).

[25]Brief of Respondents, at 23, citing cases from other states which generally required notice from a city to the abutting landowner that repairs of the sidewalk were required prior to assessing liability for indemnification to the city for payments to persons injured upon those sidewalks prior to repair. In those cases, whether the abutting landowner knew or should have known of the defective sidewalk was irrelevant to the issue of notice from the City to the abutting landowners. *See Rapid City v. First Nat'l Bank*, 79 S.D. 38, 107 N.W.2d 693 (1961); *Lincoln v. Janesch*, 63 Neb. 707, 89 N.W. 280 (1902); *Detroit v. Chaffee*, 70 Mich. 80, 37 N.W. 882 (1888).

They correctly assert that under the ordinance an abutting landowner is liable for indemnification at the instant the City pays an injured person for damages. However, as the City correctly claims, if the City wants to collect from the abutting landowner, it still must bring an action in superior court — as in this case.[26] Once in superior court, the abutting landowner may litigate the issue of liability prior to making payment to the City. Although the risk of an erroneous determination of liability is significant when the City makes that determination prior to adjudication, the risk is low that the abutting landowner will actually be deprived of money prior to a judicial hearing.

As the City correctly claims, in concluding that it is a violation of substantive due process as an unreasonable exercise of the police powers, the trial court in this case did not find that the ordinance violates procedural due process.[27] Because we agree the ordinance is unconstitutional on other grounds, we need not further address the procedural due process issue.

## Unauthorized Tax

The Gundermanns claim the ordinance, TMC 9.17.010 and .020, constitutes a tax which has not been authorized by the Legislature and which is not levied evenly or uniformly. The City challenges such a characterization of the ordinance and contends that it is primarily a safety regulation. It is clear that neither cities nor counties may levy taxes which have not been expressly authorized by the Legislature. It is also clear that neither the broad police powers nor any other general grant of power to cities and counties encompass the power to tax.[28] However, under the

---

[26]Reply Brief of Appellant City of Tacoma, at 8-10. The City also distinguishes the cases from other states relied upon by the Gundermanns by pointing out that those courts required the cities to adhere to the notice requirements in the language of their ordinances.

[27]See court's oral ruling; Partial Verbatim Report of Proceedings, at 2-3.

[28]See Hillis Homes v. Snohomish Cy., 97 Wn.2d 804, 809, 650 P.2d 193 (1982); San Telmo Assocs. v. Seattle, 108 Wn.2d 20, 23, 735 P.2d 673 (1987); Southwick, Inc. v. Lacey, 58 Wn. App. 886, 889, 795 P.2d 712 (1990) Const. art. 7, §§ 5, 9, art. 11, § 12.

facts of this case and the conclusions we have reached, we need not address the unauthorized tax issue.

### SUMMARY AND CONCLUSIONS

The Tacoma ordinance, TMC 9.17.010 and .020, constitutes an unreasonable exercise of the police power under substantive due process analysis because the indemnification requirement is "unduly oppressive". We therefore affirm the Pierce County Superior Court in granting summary judgment in favor of respondents Joseph Gundermann, Jr. and "Jane Doe" Gundermann and declaring TMC 9.17.010 and .020 unconstitutional.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, GUY, JOHNSON, and MADSEN, JJ., concur.