

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE **NOV 2 7 2019**

Fairhurst, CQ.
CHIEF JUSTICE

**This opinion was
filed for record
at** 8am **on** Nov. 27, 2019

Susan L. Carlson
**Susan L. Carlson**
**Supreme Court Clerk**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

CERTIFICATION FROM THE        )
UNITED STATES DISTRICT        )
COURT FOR THE WESTERN         )
DISTRICT OF WASHINGTON        )
            IN                )        No. 96931-1
                              )
KRISTA PEOPLES,               )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )
UNITED SERVICES               )
AUTOMOBILE ASSOCIATION and    )
USAA CASUALTY INSURANCE       )
COMPANY,                      )
                              )
            Defendants.        )
_____)
                              )
JOEL STEDMAN and KAREN        )        Filed    **NOV 2 7 2019**
JOYCE,                        )
                              )
            Plaintiffs,       )
                              )
    v.                        )
                              )
PROGRESSIVE DIRECT            )
INSURANCE COMPANY,            )
                              )

```
                              )
              Defendant.      )
                             )
_____     )
```

GONZÁLEZ, J.—The Consumer Protection Act (CPA), ch. 19.86 RCW,

prohibits unfair and deceptive trade practices and can be enforced by private

citizens. Any person who is "injured in [their] business or property" by a violation

of the CPA may bring a civil suit for injunctive relief, damages, attorney costs and

fees, and treble damages. RCW 19.86.090. Krista Peoples and Joel Stedman filed

CPA suits against their insurance carriers for violating Washington claims-

handling regulations and wrongfully denying them personal injury protection (PIP)

benefits. We are asked by the United States District Court for the Western District

of Washington whether Peoples and Stedman allege an injury to "business or

property." We hold they do.

## FACTS

Washington law requires insurers to offer PIP coverage to all automobile

liability policyholders. RCW 48.22.085(1). "PIP insurance is designed to provide

the insured with an immediate source of payment for out-of-pocket expenses

resulting from [a car] accident," regardless of fault. *Barriga Figueroa v. Prieto

Mariscal*, 193 Wn.2d 404, 411, 441 P.3d 818 (2019). Under the PIP statute,

insurers are required to pay "all reasonable and necessary" medical expenses for

treating an insured's injuries arising from a covered event. RCW 48.22.085,

2

.005(7). Under Washington insurance regulations, it is an unfair practice for an insurer to deny payment of a claim without first conducting a reasonable investigation. WAC 284-30-330(4). These regulations also make it an unfair practice to deny, limit, or terminate PIP benefits for any reason other than that the medical bills "(a) [a]re not reasonable; (b) [a]re not necessary; (c) [a]re not related to the accident; or (d) [a]re not incurred within three years of the automobile accident." WAC 284-30-395(1).

Peoples and Stedman purchased PIP coverage. After they were injured in car accidents, they made claims for PIP benefits. After their PIP benefits were terminated or denied, they filed class action suits against their respective insurance carriers under several causes of action, including the CPA, claiming their insurers violated Washington insurance regulations. Specifically, Peoples alleges that USAA refuses, without any individualized assessment, to pay medical provider bills whenever a computerized review process determines that the bill exceeds a predetermined limit. According to Peoples, USAA's failure to investigate or make an individualized determination regarding the reasonableness or necessity of a provider's charges before denying payment violates WAC 284-30-330(4) and WAC 284-30-395(1). She alleges that due to this practice of algorithmic review, USAA routinely fails to pay all reasonable medical expenses for treating an insured's injuries arising from a covered event, in violation of RCW 48.22.005(7).

3

She and class members seek actual damages, including unpaid medical bills and expenses incurred to investigate USAA's wrongful conduct.

Stedman alleges Progressive terminates PIP benefits whenever an insured reaches "Maximum Medical Improvement" and this practice violates WAC 284-30-395(1), which lists the only permissible reasons to terminate PIP benefits. He alleges that by terminating benefits on the basis of "Maximum Medical Improvement," Progressive routinely fails to pay all reasonable medical expenses for treating an insured's injuries arising from a covered event, in violation of RCW 48.22.005(7). He and class members seek to enjoin Progressive from using "Maximum Medical Improvement" to limit PIP claims and seek actual damages, including unpaid medical bills.

USAA and Progressive moved to dismiss the CPA claims on the grounds the insured was not "injured in [their] business or property." The federal district court consolidated the cases solely for the purpose of asking this court whether the plaintiffs allege cognizable CPA injuries. *See* Order Consolidating Cases & Certifying Question to Wash. Supreme Ct., No. C18-1254RSL at 8 (Order). The certified questions are as follows:

> With regards to the injury to "business or property" element of a CPA claim, can insureds in Ms. Peoples' and/or Mr. Stedman's circumstances, who were physically injured in a motor vehicle collision and whose Personal Injury Protection ("PIP") benefits were terminated or limited in violation of WAC 284-30-330, bring a CPA claim against the insurer to recover out-of-pocket

4

medical expenses and/or to compel payments to medical providers?

With regards to the "injury to business or property" element of a CPA claim, can insureds in Ms. Peoples' and/or Mr. Stedman's circumstances, who were physically injured in a motor vehicle collision and whose Personal Injury Protection ("PIP") benefits were terminated or limited in violation of WAC 284-30-330, bring a CPA claim against the insurer to recover excess premiums paid for the PIP coverage, the costs of investigating the unfair acts, and/or the time lost complying with the insurer's unauthorized demands?

*Id.*

## ANALYSIS

Certified questions are matters of law we review de novo. *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 149 Wn.2d 660, 670, 72 P.3d 151 (2003) (citing *Rivett v. City of Tacoma*, 123 Wn.2d 573, 578, 870 P.2d 299 (1994) *overruled in part on other grounds by Chong Yim v. City of Seattle*, No. 96817-9 (Wash. Nov. 14, 2019)). We consider the legal issues presented based on the certified record provided by the federal court. *Bradburn v. N. Cent. Reg'l Library Dist.*, 168 Wn.2d 789, 799, 231 P.3d 166 (2010) (citing RCW 2.60.030(2)). The certified questions in this case turn on the meaning of injury to "business or property" in the CPA. RCW 19.86.090. Our fundamental objective in interpreting a statute is to "ascertain and carry out the Legislature's intent," which we discern "from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 11, 43 P.3d 4 (2002).

5

The CPA prohibits unfair or deceptive practices in trade or commerce. RCW 19.86.020. Originally, only the attorney general could enforce the act. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986). In 1970, in response to "the escalating need for additional enforcement capabilities," the legislature "amended the CPA to provide for a private right of action whereby individual citizens would be encouraged to bring suit to enforce the [act]." *Id.* Today, a civil action for injunctive relief, damages, attorney costs and fees, and treble damages may be brought by any person who is "injured in [their] business or property" by a violation of the CPA. RCW 19.86.090. To prevail in a CPA action, a private plaintiff must prove (1) an unfair or deceptive act or practice (2) in trade or commerce (3) which affects the public interest (4) and causes injury to the plaintiff's business or property, and (5) a causal link between the act and the injury. *Hangman Ridge*, 105 Wn.2d at 784-85.

It is well established that insureds may bring private CPA actions against their insurers for breach of the duty of good faith or for violations of Washington insurance regulations. *See, e.g., Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 281-83, 961 P.2d 933 (1998); *Indus. Indem. Co. of Nw. v. Kallevig*, 114 Wn.2d 907, 923, 792 P.2d 520 (1990); *Salois v. Mut. of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978); *Levy v. N. Am. Co. for Life & Health Ins.*, 90 Wn.2d 846, 586 P.2d 845 (1978). The legislature has expressly declared that the

insurance business is one "affected by the public interest" and has prohibited insurers from engaging in unfair or deceptive acts as defined by the legislature or the insurance commissioner. *See* RCW 48.01.030; RCW 48.30.010(1)-(2). The insurance commissioner has defined unfair settlement practices both generally and in the context of PIP claims. WAC 284-30-330, -395. The legislature has made actions prohibited by the insurance laws subject to the CPA's enforcement provisions. RCW 19.86.170. Based on this legislative scheme, we have held that a violation of an insurance regulation is a per se unfair or deceptive act or practice. *See Kallevig*, 114 Wn.2d at 923.

In this case, we are asked whether the wrongful denial of PIP benefits is an injury to "business or property" under RCW 19.86.090. The insurance companies argue, under *Ambach v. French*, 167 Wn.2d 167, 216 P.3d 405 (2009), that it is not and, therefore, an insured cannot bring a CPA action for a violation of the insurance regulations when their policy is for PIP. In *Ambach*, we found traditional personal injury claims are not within the scope of the CPA. 167 Wn.2d at 174 (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 318, 858 P.2d 1054 (1993)). But *Ambach* does not apply here because the plaintiffs do not seek to hold their insurance companies liable for their underlying personal injuries. Instead, they seek to hold their insurance companies liable for benefits owed under contract. We conclude that the deprivation of

contracted-for insurance benefits is an injury to "business or property" regardless of the type of benefits secured by the policy.

We first addressed the intersection of the CPA and personal injury actions in *Fisons*, where we approved the Court of Appeals' decision in *Stevens v. Hyde Athletic Industries, Inc.*, 54 Wn. App. 366, 367, 773 P.2d 871 (1989). *See Fisons*, 122 Wn.2d at 318. In *Stevens*, a woman severely broke her ankle during a softball game while wearing shoes she alleged were unreasonably dangerous. 54 Wn. App. at 367. She sued the manufacturer and the seller of the shoes under several causes of action, including the CPA. *Id.* at 367-68. The Court of Appeals held the plaintiff could not sue the defendants under the CPA for causing her ankle injury. *Id.* at 370. The court reasoned that the legislature's choice of the words "injured in [their] business or property" demonstrated an intent to exclude traditional personal injury claims. *Id.* Even though the personal injury caused by the CPA violation ultimately led to a downstream property injury—the plaintiff had to pay medical bills related to her broken ankle—those downstream financial consequences of the personal injury did not bring the claim for personal injury within the ambit of the CPA. *Id.*

In *Ambach*, we reaffirmed that personal injuries are not cognizable under the CPA. 167 Wn.2d at 173. In *Ambach*, the plaintiff had serious complications from shoulder surgery. *Id.* at 170. She sued the surgeon for medical negligence and

also alleged he violated the CPA by performing an unnecessary surgery for financial gain. *Id.* Ambach's "CPA injury was 'part and parcel of [her] personal injury.'" *Id.* at 174; *cf. Williams v. Lifestyle Lift Holdings, Inc.*, 175 Wn. App. 62, 74, 302 P.3d 523 (2013). Even though Ambach argued her CPA injury was "'the cost of a product . . . acquired due to fraud or deception,'" *Ambach*, 167 Wn.2d at 174 (alteration in original), her actual CPA damages "[sought] redress for her personal injuries" caused by the surgery. *Id.* at 179. We explained the CPA was not designed to give personal injury claimants "backdoor access" to compensation from a tortfeasor. *Id.* at 179 n.6.

The *Ambach* line of cases does not bar claims by insureds who seek to recover wrongfully denied PIP benefits. Unlike in *Stevens* and *Ambach*, the plaintiffs here do not allege the defendants caused their personal injuries. Their CPA suits do not seek to vindicate their right to be free of bodily harm but, rather, their property interest in the benefits they bargained for in their insurance contracts. When parties enter an insurance contract, the insured obtains a legal right to benefits upon the happening of a particular event. *See Colo. Structures, Inc. v. Ins. Co. of W.*, 161 Wn.2d 577, 603-04, 167 P.3d 1125 (2007) (plurality opinion). An insurance contract also gives rise to a quasi-fiduciary relationship between the parties, which requires them to deal in good faith. *Barriga Figueroa*, 193 Wn.2d at 411. An insured, therefore, has a legally protected property interest

9

in benefits due under the contract and a related right to insurance dealings free from bad faith. Claims mishandling and wrongful denial of benefits invade this property interest, regardless of the type of event that triggers coverage. Indeed, in *Levy*, we held that an insured alleging bad faith and wrongful rescission of a disability insurance policy stated all the elements of a CPA claim, even though the event triggering his rights to the disability benefits was a personal injury. 90 Wn.2d at 850.

Ultimately, the insurance companies' interpretation of *Ambach* and RCW 19.86.090's injury requirement would thrust violations of Washington's PIP regulations entirely outside the reach of the CPA's private enforcement provision. It would also exclude violations of Washington's general claims-handling regulations whenever PIP benefits are involved. Such a result would undermine the provision of the CPA that makes violations of the insurance laws subject to the CPA's private enforcement provision. *See* RCW 19.86.170 ("[A]ctions . . . prohibited . . . under the laws administered by the insurance commissioner shall be subject to . . . all sections of . . . chapter 19.86 RCW which provide for the implementation and enforcement of RCW 19.86.020."). Construing the CPA as a whole, we find that the legislature intended for insureds to be able to enforce Washington insurance regulations regardless of the type of benefits secured by their policies. Accordingly, we answer the first certified question yes and hold

insureds who are wrongfully denied PIP benefits are injured in their "business or property." A person injured in their business or property by a CPA violation may seek, among other things, injunctive relief and actual damages. *See* RCW 19.86.090. Therefore, to the extent proved, the plaintiffs may recover actual damages, including out-of-pocket medical expenses that should have been covered, and can seek injunctive relief to compel the payment of benefits to medical providers.[1]

Finally, the second certified question asks us whether "excess premiums paid for the PIP coverage, the costs of investigating the unfair acts, and/or the time lost complying with the insurer's unauthorized demands" are injuries to "business or property." Order at 8. We decline to reach the portion of the question that asks about excess premiums.[2] With respect to the remainder of the question, we hold that when a CPA claim is predicated on an insurer's mishandling of a PIP claim, ordinary CPA principles govern whether investigation costs or time lost are injuries to business or property. We have recognized that other business or

---

[1] We recognize that the local federal bench has reached a contrary conclusion in several decisions. *See Kovarik v. State Farm Mut. Auto. Ins. Co.*, No. C15-1058-TSZ, 2016 WL 4555465, at *3 (W.D. Wash. Aug. 31, 2016) (court order) (collecting cases). We respectfully disagree with our federal colleagues on this point.

[2] As used by Peoples, the phrase "excess premiums" is an alternative way of characterizing unpaid benefits. *See* Appellee/Pl. Krista Peoples' Answering Br. at 41-42 (explaining that the inquiry about "excess premiums" highlights the "'flip-side'" of the loss of benefits). Because we find that the deprivation of PIP benefits is an injury to business or property, it is unnecessary to address Peoples' alternative theory about "excess premiums."

property injuries, apart from the wrongful deprivation of benefits, can be caused when an insurer engages in unfair or deceptive practices. In *Coventry*, we held a CPA claim for insurance bad faith was actionable even though the insurer properly denied coverage. 136 Wn.2d at 285. The costs incurred by the plaintiff to investigate the claim established injury and were recoverable as actual damages. *Id.* Since *Coventry*, we have continued to recognize that expenses incurred to investigate a deceptive act or practice are cognizable injuries and damages under the CPA. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 837, 355 P.3d 1100 (2015); *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 432, 334 P.3d 529 (2014); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62, 204 P.3d 885 (2009). The Court of Appeals has also held that taking time away from business to respond to unfair practices may satisfy the injury requirement. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564, 825 P.2d 714 (1992). The principles articulated in these cases apply when a CPA claim is predicated on an insurer's mishandling of a PIP claim.

CONCLUSION

We hold an insurance carrier's wrongful withholding of PIP benefits injures the insured in their "business or property." An insured in these circumstances may recover actual damages, if proved, including out-of-pocket medical expenses that should have been covered, and can seek injunctive relief, such as compelling

payment of the benefits to medical providers. Other business or property injuries, apart from the wrongful denial of benefits, that are caused by an insurer's mishandling of a PIP claim are also cognizable under the CPA.

González, J.

WE CONCUR:

Madsen, J.

Wiggins, J.

González, J.

Gerry McCloud, J.

Owens, J.

Maxa, J.P.T.

Stephens, J.

Yu, J.