[No. 36516.    Department Two.    September 24, 1964.]

GUS HAFT, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*\*

\*Reported in 395 P. (2d) 482.

<hr>

*Greive & Law,* by *R. R. Bob Greive,* for appellant.

*Dean H. Eastman* and *Robert J. Allerdice,* for respondent.

HAMILTON, J.—Plaintiff (appellant), the operator of a power shovel owned by Kitsap County, was injured when the shovel was struck by defendant's (respondent's) train at a private crossing. Following a jury verdict in favor of plaintiff, the trial court granted defendant's motion for judgment notwithstanding the verdict, and in the alternative for a new trial. Plaintiff appeals from this ruling.

This action was consolidated for trial with two other actions arising out of the same accident; the county's action against the railroad, and the railroad's action against the county, for property damage to the shovel and the locomotive. In the latter two actions the jury denied recovery to either party. Neither the county nor the railroad has appealed from the verdicts denying their claims.

The trial court's memorandum decision indicates the following approach as the basis upon which defendant's motions were granted:

"It is clear that the jury's verdict finding the railway company and the county both negligent was fully supported by the testimony introduced.

"The court instructed the jury on both phases of the last clear chance doctrine, but this could not have been the basis for the jury's verdict because they gave no recovery to the county. Haft's negligence continued until the collision, whereas, if anything, the county's negligence had ceased.

"This leaves the only question to be determined on defendant's motion for judgment notwithstanding the verdict

the problem of whether or not Haft was guilty of contributory negligence as a matter of law. If he was, the defendant's motion should be granted, but if not, the verdict must be allowed to stand."

The trial court then concluded that plaintiff was guilty of contributory negligence as a matter of law.[1]

At the threshold of this appeal, defendant interposes a motion to strike plaintiff's brief asserting, basically, two reasons: (1) that plaintiff failed to clearly state his assignments of error; and, (2) that plaintiff failed to file a concise statement of points upon which he intended to rely (this on the basis that the appeal was upon a short record).

In his opening brief, while not specifically designating his contention as an assignment of error, plaintiff states, on page 5: "This is an appeal taken from an order granting a motion for judgment notwithstanding the verdict . . ." A further reading of the brief leaves little doubt as to the ruling of the trial court from which plaintiff is appealing. In a supplemental brief, plaintiff designates as his assignment of error the statement that "The trial court erred because there was evidence or a reasonable inference from the evidence to sustain a verdict." Again, a reading of the brief demonstrates the basis of plaintiff's appeal. While we cannot commend plaintiff for clarity and preciseness in spelling out his assignment of error, we are satisfied there has been a minimal compliance with the rules on appeal,

---

[1] The trial court's order granting defendant's motion for judgment notwithstanding the verdict or in the alternative for new trial, in pertinent part reads as follows:

" . . . the defendant having timely moved for Judgment N.O.V. or in the Alternative for a New Trial, on the ground that from the evidence the plaintiff was guilty of contributory negligence as a matter of law; and said motion having been argued by counsel for the respective parties before the court on May 15, 1961, and the court, being fully advised in the premises, does sustain said Motion for Judgment N.O.V. and orders Judgment for the defendant;

" . . .

"IN THE ALTERNATIVE, the Court hereby sets aside the verdict of the jury and grants to the defendant a new trial, for the reason that the evidence is not sufficient to sustain the verdict in that, from the evidence, the plaintiff was guilty of negligence as a matter of law, and that the verdict is against the weight of the evidence."

and that defendant has not, in fact, been prejudiced. *Moore v. Spokane,* 88 Wash. 203, 152 Pac. 999.

■ The second ground of defendant's motion is predicated upon Rule on Appeal 34 (3), RCW Vol. 0, relating to appeals upon a short record. The basic purpose of the requirement that an appellant serve and file a concise statement of the points, upon which he intends to rely, with a proposed short record is to afford the trial court and opposing counsel an opportunity to evaluate the necessity of including additional material in the record. The requirement is not jurisdictional. *Smith v. McDaniel,* 53 Wn. (2d) 604, 335 P. (2d) 582. In the instant case, the statement of facts, which is 472 pages in length, contains all testimony bearing upon the issue of liability, the trial motions and rulings, the trial court's instructions, and the exceptions thereto. The medical testimony bearing upon the issue of plaintiff's damages is omitted, which the statement of facts recites was omitted *upon stipulation of the parties.* The record reveals no proposed amendments to the statement of facts, and the trial court certified it as containing all material facts, matters, and proceedings. The defendant does not assert, nor do we find, any prejudice to it by virtue of plaintiff's failure to file a concise statement of points. *Smith v. McDaniel, supra.*

■ Defendant's motion to strike plaintiff's brief is denied, however, plaintiff will be denied costs for his briefs.

■ In considering the question of whether the trial court correctly granted defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial, we are mindful of the oft stated rule that in passing upon such motions the evidence, and all reasonable inferences therefrom, must be viewed in a light most favorable to the nonmoving party, and if there is substantial evidence supporting the verdict of the jury, the verdict must stand. *Young v. Seattle,* 60 Wn. (2d) 805, 376 P. (2d) 443.

The circumstances leading up to the collision involved, may be summarized as follows:

On November 12, 1958, plaintiff, a Kitsap County employee, was directed by his supervisors to transport a

county-owned power shovel from Silverdale to the county gravel pit located east of the railroad crossing in question. With the assistance of two other county employees the shovel was loaded onto a "lowboy" trailer and taken to the Kitsap County road shop located immediately west of the railroad crossing. The power shovel was an orange colored, three-quarter yard, Bay City Model 45, weighing approximately 24 tons, which moved on caterpillar tracks 14 feet 10 inches long. Including the shovel boom, the machine was approximately 35 feet in length. The railroad tracks at the crossing were 61¼ inches wide.

At approximately 9:30 a.m., the shovel was unloaded from the trailer, and plaintiff proceeded to "walk" it at full speed toward the railroad crossing and the gravel pit east of the crossing. Full speed for the shovel was about 1 mile per hour. Plaintiff's course to the gravel pit was easterly, while the railroad tracks over which he had to cross ran generally north and south.

The railroad tracks approached the crossing from the south coming out of a long curve into a cut. Visibility to and from the crossing was limited to about 800 feet. Midway in the curve of the tracks was a railroad bridge, which was approximately 973 feet from the crossing.

Plaintiff testified that when the shovel reached a point between 20 and 30 feet from the tracks, he looked to the south, that he could then see through the cut and curve to about the bridge, and that he saw no train approaching. He next looked south as the shovel reached the tracks, at which point he indicated he could see approximately 760 feet of clear track. On the basis of these observations, plaintiff continued his course across the tracks without again looking southward, his attention being diverted to the gravel pit from which trucks were approaching.

Defendant's train, which was then approaching from the south, sounded its whistle prior to the time the shovel entered upon the tracks, however, plaintiff testified he was unable to hear any such warning above the noise of the shovel. As the train left the curve, and the crossing came into view, the fireman aboard the locomotive testified he

first saw the shovel from a point about 740 feet from the crossing. At that time the shovel was astraddle the tracks, and the train was traveling between 25 and 35 miles an hour. The testimony is in dispute as to whether the train could have stopped short of the crossing. In any event, a collision occurred, defendant's train striking the rear of the shovel, throwing plaintiff from the cab and causing the injuries complained of.

We now reach the sole issue on this appeal, that is, whether, under the circumstances outlined, plaintiff was guilty of contributory negligence as a matter of law.

Defendant's contention is that the following factors, taken together, necessarily indicate that plaintiff was contributorially negligent: (a) plaintiff knew that defendant's train came by the crossing every day at about the time of the accident; (b) plaintiff knew he could not hear a train whistle above the noise of the shovel, yet he took no added precautions in crossing the tracks with the slow moving vehicle other than looking down the tracks prior to crossing; and, (c) the only warning plaintiff relied upon was seeing the train, yet he failed to keep a proper lookout while the shovel was astraddle the tracks.

We can agree that the evidence in support of defendant's contention is sufficient, as "substantial evidence", to support a jury finding of contributory negligence. We cannot agree, however, that the evidence compels a finding of contributory negligence as a matter of law. We are satisfied that viewing the evidence in a light most favorable to the plaintiff, reasonable minds could differ as to whether plaintiff exercised the requisite amount of care under the surrounding circumstances.

In support of its theory, defendant relies heavily upon two cases, *McBeath v. Northern Pac. R. Co.*, 32 Wn. (2d) 910, 204 P. (2d) 248, and *Morris v. Chicago M. St. P. & Pac. R. Co.*, 1 Wn. (2d) 587, 97 P. (2d) 119. Both cases are distinguishable. In both, the drivers of the vehicles involved in the collision at the railroad crossing failed to see what was there to be seen. In the *McBeath* case, the driver testified he did not see the railroad tracks. In the

*Morris* case the driver sought to excuse his failure to see an approaching train on the basis of an obstruction upon his vehicle for which he was responsible.

In the *McBeath* case, we stated the distinguishing factor between contributory negligence as a matter of law and as a matter of fact in cases of this type, p. 919:

" . . . In the cited cases, we think the evidence shows that the injured person either did something to protect himself or relied upon a condition which excused him for his lack of care. In such cases, it may be admitted that the question of contributory negligence is usually one for the jury."

In the instant case, plaintiff looked down the track at least twice to determine whether it was safe to proceed across. Each time he looked from a point at which he could observe as much of the track as was physically visible. Each time he saw no train approaching, not because he did not see that which was there to be seen, but rather because the train was not then within the 700 to 1000 foot range of observation. He could not hear any warning signal because of the nature of the equipment he was operating, a circumstance over which he had no control. Under these circumstances, we are satisfied the question of contributory negligence was for the jury.

The order granting judgment notwithstanding the verdict and the judgment of dismissal is reversed. Since the alternative order granting new trial is predicated upon grounds identical to the grounds for the order granting judgment notwithstanding the verdict, it too is reversed, and the jury's verdict reinstated.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

December 7, 1964. Petition for rehearing denied.