IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| DANI FERGEN, individually and as personal representative of the ESTATE of PAUL J. FERGEN, and minors BRAYDEN FERGEN and SYDNEY FERGEN, individually, | No. 30523-6-III |
| Appellants, | PUBLISHED OPINION |
| v. | |
| JOHN D. SESTERO, M.D., individually and as an employee/shareholder/agent of defendant SPOKANE INTERNAL MEDICINE, P.S., a Washington corporation, | |
| Respondent. | |

BROWN, J. — Dani Fergen appeals the defense verdict in her medical negligence action against John D. Sestero, M.D. and Spokane Internal Medicine, P.S. (collectively Dr. Sestero). She contends the trial court erred by instructing the jury on a physician's "exercise of judgment"[1] because the instruction lacks substantial evidence. We disagree and decline Ms. Fergen's invitation to revise or abandon the standard instruction. Accordingly, we affirm.

---

[1] The relevant jury instruction was formerly called the "error of judgment" instruction. The Washington State Supreme Court Committee on Jury Instructions now calls it the "exercise of judgment" instruction to avoid confusion. 6 WASHINGTON

## FACTS

In November 2004, Paul Fergen found a lump on his right ankle causing him minor discomfort. He consulted Dr. Sestero regarding the lump the next week. In his chart notes, Dr. Sestero described the lump as a "slight nodule" that was "smooth, soft, and nontender" but presented "no other erythema, swelling, or other abnormalities." Ex. 1A. Dr. Sestero tentatively diagnosed the lump as a benign ganglion cyst, ordered an x-ray of the ankle to ensure no structural defects, referred Mr. Fergen to an orthopedic specialist, and instructed him to follow-up as necessary. The radiologist noted "some soft tissue swelling" and stated, "If a soft tissue cyst is felt an ultrasound might be of help." Ex. 3. Dr. Sestero told Mr. Fergen the x-ray results were "negative" and encouraged him to seek medical attention if the lump grew bigger or became painful. Report of Proceedings at 1212-13, 1834-35. Mr. Fergen had a seizure 13 months later. Pathologists eventually diagnosed him with Ewing's sarcoma, a rare and aggressive cancer that originated in the lump on his ankle and metastasized to his lungs, brain, and lymph nodes. Mr. Fergen died in January 2007.

Ms. Fergen sued Dr. Sestero for medical negligence on behalf of Mr. Fergen's estate and the couple's minor children. At trial, Dr. Sestero testified he considered malignancy in deciding Mr. Fergen's lump was most likely a benign ganglion cyst. His expert witnesses testified he faced a choice between at least two differential medical diagnoses, one very likely and one very unlikely, and he acted within the standard of

PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 105.08 cmt. at 612-13 (6th ed. 2012) (WPI). We use the current terminology.

care in choosing a tentative diagnosis. The trial court instructed the jury, based on WPI

105.08[2] and over Ms. Fergen's objection, regarding a physician's exercise of judgment:

> A physician is not liable for selecting one of two or more alternative diagnoses, if, in arriving at a diagnosis a physician exercised reasonable care and skill within the standard of care the physician was obligated to follow.

Clerk's Papers at 3198. The jury returned a defense verdict. Ms. Fergen appealed.

## ANALYSIS

The issue is whether the trial court erred by instructing the jury on a physician's

exercise of judgment. Ms. Fergen contends the instruction lacks substantial evidence

because the record shows Dr. Sestero considered solely whether Mr. Fergen's lump

was a benign ganglion cyst. She characterizes this as a singular medical diagnosis, as

opposed to a conscious choice between differential medical diagnoses. Additionally,

Ms. Fergen contends the instruction prejudiced her by injecting collateral issues and

evidentiary comments, causing jury confusion and speculation.

We review a decision on whether to give an exercise of judgment instruction for

abuse of discretion.[3] *Seattle W. Indus., Inc. v. David A. Mowat Co.*, 110 Wn.2d 1, 9,

---

[2] WPI 105.08, *supra* note 1, at 612.

[3] Ms. Fergen incorrectly contends our review is de novo. We review alleged legal errors in jury instructions de novo. *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 860, 281 P.3d 289 (2012). While she argues the exercise of judgment instruction lacks substantial evidence, she does not argue a legal error. *See Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995) (a jury instruction contains a legal error if it does not allow a party to argue his or her theory of the case, misleads the jury, or, when considered with other jury instructions as a whole, improperly informs the jury of the applicable law). Therefore, the abuse of discretion review standard applies. *See Seattle W. Indus., Inc. v. David A. Mowat Co.*, 110 Wn.2d 1, 9, 750 P.2d 245 (1988); *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 264, 828 P.2d 597 (1992).

750 P.2d 245 (1988); *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 264, 828 P.2d 597 (1992). If a party's case theory lacks substantial evidence, a trial court must not instruct the jury on it. *Albin v. Nat'l Bank of Commerce of Seattle*, 60 Wn.2d 745, 754, 375 P.2d 487 (1962); *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986). The converse is true as well. *Kelsey v. Pollock*, 59 Wn.2d 796, 798-99, 370 P.2d 598 (1962); *Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wn.2d 321, 327, 617 P.2d 415 (1980). In this context, evidence supporting a party's case theory "must rise above speculation and conjecture" to be substantial. *Bd. of Regents of Univ. of Wash. v. Frederick & Nelson*, 90 Wn.2d 82, 86, 579 P.2d 346 (1978). In other contexts, evidence is substantial if a "sufficient quantum [exists] to persuade a fair-minded person of the truth of the declared premise." *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978).

In a medical negligence case, a trial court may, "with caution," instruct the jury on a physician's exercise of judgment if the evidence shows the physician was "confronted with a choice among competing therapeutic techniques or among medical diagnoses" and, "in arriving at a judgment, the physician . . . exercised reasonable care and skill, within the standard of care he or she was obliged to follow." *Watson v. Hockett*, 107 Wn.2d 158, 165, 727 P.2d 669 (1986) (internal quotation marks and alteration omitted);

---

"A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997) ("A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.").

4

*see also* 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 105.08 note on use at 612 (6th ed. 2012).

Here, Dr. Sestero testified he considered malignancy in deciding Mr. Fergen's lump was most likely a benign ganglion cyst. His expert witnesses testified he faced a choice between at least two differential medical diagnoses because Mr. Fergen's lump was necessarily either benign, which was very likely, or malignant, which was very unlikely. And, his expert witnesses testified that, in his diagnostic process, Dr. Sestero exercised reasonable care and skill within the standard of care because he examined the lump, considered its history, ordered an x-ray of the ankle to ensure no structural defects, referred Mr. Fergen to an orthopedic specialist, and instructed him to follow-up as necessary. This evidence rises above speculation and conjecture, and is a sufficient quantum to persuade a fair-minded person that Dr. Sestero's mere failure to produce a good medical result was not medical negligence. Therefore, substantial evidence supports his case theory and the trial court did not abuse its discretion by instructing the jury on a physician's exercise of judgment.

Ms. Fergen invites us to limit the exercise of judgment instruction to circumstances where a physician "consciously selected between competing alternative diagnoses or treatments." Br. of Appellants at 18. Ms. Fergen alternatively invites us to abandon the instruction "as incorrect and harmful." Br. of Appellants at 24 n.14. Honoring stare decisis principles, we decline Ms. Fergen's invitations, deferring to our Supreme Court the task of redefining when the instruction should apply, if at all. *See Ezell v. Hutson*, 105 Wn. App. 485, 491, 20 P.3d 975 (this division adhering to binding

No. 30523-6-III
*Fergen v. Sestero*

Supreme Court precedent on the former error of judgment instruction despite concerns), *review denied*, 144 Wn.2d 1011 (2001).

In sum, we hold the trial court did not err by instructing the jury on a physician's exercise of judgment. Considering our analysis, we do not reach Ms. Fergen's prejudice contentions.

Affirmed.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Kulik, J.

6