IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

HANNELORE W. MALLETT, )
                              )       DIVISION ONE
            Appellant,     )
                              )       No. 70267-0-I
            v.               )
                              )       UNPUBLISHED OPINION
ADELPHI, LLC, a Washington limited )
liability company, and/or SMITH )
FAMILY REAL ESTATE, LLC, a )
Washington limited liability company, )
both d/b/a Adelphi Apartments, )
                              )
           Respondents.   )       FILED: April 21, 2014
_____ )

DWYER, J. — In order to defeat a motion for summary judgment, the nonmoving party must demonstrate that there is a genuine issue of material fact. Conjecture and speculation alone is not sufficient to meet this standard.

Here, the defendants Adelphi, LLC, and Smith Family Real Estate, LLC (collectively Adelphi) submitted multiple pieces of evidence demonstrating that a hole in the sidewalk was not caused by a hydraulic lift used on a project at an apartment building. The plaintiff, Hannelore Mallett, responded only with her continued assertion that the hole had not been there before the project and that a different lift, owned by Adelphi's personal representative, might have also been used on the project. Mallett's assertions, unsupported by other evidence, are not

sufficient to raise a genuine issue of material fact. Because the trial court correctly granted summary judgment in favor of Adelphi, we affirm.

I

On December 25, 2010, while walking her dog, Mallett tripped over a hole in the sidewalk in front of her apartment building, located on 23rd Avenue East in Seattle. Mallett sustained an injury to her right shoulder. Subsequently, Mallett filed suit against her landlord, Adelphi, for negligence.

The central dispute at the trial court was who or what had caused the hole in the sidewalk on 23rd Avenue East. It was undisputed that in the late summer of 2010, Adelphi contracted with Dominion Pest Control (Dominion) to eradicate bats that were nesting in a gap near the roof. According to the bid for the project, Dominion proposed using a hydraulic lift to reach the roof on three sides of the apartment building, but not the front side. Dominion did, in fact, use a hydraulic lift at the apartment building for at least a portion of the project. It was undisputed that the lift caused significant damage to the sidewalk on East Thomas Street, which runs along one side of the apartment building.

At issue, however, was whether Dominion had also caused the hole in the sidewalk on 23rd Avenue East. Mallett contended that it had. In support of her claim, Mallett submitted photographs of the hole and a personal declaration. In her declaration, Mallett stated,

> The hole was not there before the bat work. Surrounding the entire top of our building including the front of the building, just before the roof top, is a wooden board that faces out. The lifter broke up the sidewalk around the apartment building, including the front of the building which is 23rd Avenue East. I saw the lifter in front of the

- 2 -

building. The holes in front of the building were made by the lifter. The hole that I tripped over was not there before the lifter doing the bat work.

During her deposition, when asked how she knew what had caused the hole, Mallett answered, "Because the hole was never there before" and "Because the lifter broke up everything else and the hole was not there before the lifter passed over." However, Mallett also testified that she had never noticed the hole in the sidewalk before she tripped over it.

Adelphi, on the other hand, contended that the hole in the sidewalk was the result of normal wear and tear. In support of its theory, Adelphi submitted multiple pieces of evidence that Dominion's hydraulic lifter had not caused the hole in the sidewalk on 23rd Avenue East. Adelphi submitted the declaration of a structural engineering expert, David VanDerostyne, who concluded that "the void in the concrete is the result of weathering and differential movement between the two different sidewalk components." In VanDerostyne's professional opinion, "the void identified by plaintiff and her counsel formed at least two to three years, and probably more, before the photographs of the void were taken." Adelphi also submitted photographs of the damage to the sidewalk on East Thomas Street, which had been caused by the lift, to contrast with the hole in the sidewalk on 23rd Avenue.

Further evidence submitted by Adelphi refuted Mallett's description of the bat eradication project. As Mallett described the hydraulic lift, "[i]t was one of those really heavy ones with . . . a metal track." However, a copy of the invoice from the lift rental company listed the model of the lift used for the project as one

that has wheels instead of a metal track. Evidence submitted by Adelphi also demonstrated that the lift was eight feet wide and could not possibly have rounded the corner from East Thomas Street because there is a utility pole on that corner less than eight feet from the building.

Mallett's only response to this evidence was to submit a second declaration. Therein, Mallett stated,

> [T]he hole in the sidewalk that I tripped over while my dog and I were distracted by the cat was made by a heavy lifter machine with metal tracks (not big tires like the one in the picture in the most recent court papers filed by my landlord) that was used in the front of my apartment building in the summer of 2010 before I fell on Christmas Day 2010. The holes in front of the building were made by the lifter. I am aware that my landlord, Nancy Smith,[1] owns a lift machine company, so perhaps it was one of hers.

Adelphi moved for summary judgment on the basis that it had no duty to repair the sidewalk because it had not created the hole. The trial court granted Adelphi's motion and dismissed Mallett's claim. Mallett appeals.

## II

We review de novo the trial court's grant of summary judgment. Green v. Normandy Park Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007). "Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Green, 137 Wn. App. at 681.

---

[1] Nancy Smith is the managing member of both Adelphi, LLC, and Smith Family Real Estate, LLC.

> The moving party bears the initial burden of establishing its right to judgment as a matter of law. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party satisfies its initial burden, the burden then shifts to the nonmoving party to show that a triable issue exists. Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 468, 921 P.2d 1098 (1996). All reasonable inferences from the evidence must be construed in favor of the nonmoving party. Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979). If the nonmoving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" then summary judgment is properly granted in favor of the moving party. Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

Geer v. Tonnon, 137 Wn. App. 838, 843, 155 P.3d 163 (2007).

"A nonmoving party attempting to preclude a summary judgment may not rely on speculation, argumentative assertions that unresolved factual matters remain, or in having its affidavits considered at their face value." Peterick v. State, 22 Wn. App. 163, 181, 589 P.2d 250 (1977) overruled on other grounds by Stenberg v. Pac. Power & Light Co., 104 Wn.2d 710, 709 P.2d 793 (1985). This is so because "evidence supporting a party's case theory 'must rise above speculation and conjecture.'" Fergen v. Sestero, 174 Wn. App. 393, 397, 298 P.3d 782 (2013) (quoting Bd. of Regents of Univ. of Wash. v. Frederick & Nelson, 90 Wn.2d 82, 86, 579 P.2d 346 (1978)), review granted, 178 Wn.2d 1001, 308 P.3d 641 (2013). When the only evidence supporting a theory constitutes mere speculation and conjecture, the issue is not properly submitted to the jury. Wood v. Myers, 48 Wn.2d 746, 753, 296 P.2d 525 (1956). Thus, in order to defeat a motion for summary judgment, "the nonmoving party must set forth specific facts

that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." Peterick, 22 Wn. App. at 181.

In order to prove a negligence claim against Adelphi, Mallett needed to establish the following four elements: (1) that Adelphi had a duty to repair the hole in the sidewalk, (2) that Adelphi breached that duty, (3) that she suffered an injury, and (4) that the injury she suffered was proximately caused by Adelphi's breach. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). Whether a duty exists is a question of law. Parrilla v. King County, 138 Wn. App. 427, 432, 157 P.3d 879 (2007).

Generally, maintenance of public sidewalks is the responsibility of the city. Rosengren v. City of Seattle, 149 Wn. App. 565, 575, 205 P.3d 909 (2009). "[A]n abutting property owner is not legally responsible for the physical condition of a public sidewalk unless that property owner causes or contributes to the condition." Rivett v. City of Tacoma, 123 Wn.2d 573, 579, 870 P.2d 299 (1994). Thus, in order to establish that Adelphi owed a duty to repair the hole in the sidewalk, Mallett must first demonstrate that Adelphi created the hole.

In support of its contention that the hydraulic lift had not caused the hole in the sidewalk, Adelphi submitted photographs contrasting the hole with actual damage caused by the lift, the declaration of an expert who concluded that the hole had resulted from weathering, an invoice demonstrating that the lift used was not as Mallett had described it, and documents demonstrating that the lift could not have been driven around the corner to the spot where Mallett had tripped. The only evidence Mallett submitted in response was her personal

affidavits stating that she had not seen the hole before the bat eradication and that perhaps a lift owned by Nancy Smith had caused the damage.

Neither of Mallett's assertions rise above speculation and conjecture. First, Mallett's assertion that "I am aware that my landlord, Nancy Smith, owns a lift machine company, so *perhaps* it was one of hers," is simply a guess, not a fact. Second, Mallett's conclusory statement that the hydraulic lift caused the hole is the product not of evidence but of faulty logic. Mallett asserts that because there was no hole before the summer of 2010, and there was one on December 25, 2010, the lift must have caused the hole. Mallett confuses correlation and causation. There can be no inference that one event caused another merely because the two events occurred in sequence. See Craig ex rel. Craig v. Oakwood Hosp., 471 Mich. 67, 93, 684 N.W.2d 296 (2004) ("It is axiomatic in logic and in science that correlation is not causation. This adage counsels that it is error to infer that A causes B from the mere fact that A and B occur together."). This logical fallacy amounts to nothing more than speculation.

Mallett has not presented any evidence that rises above mere conjecture and speculation. Her declarations were thus insufficient to rebut Adelphi's evidence and to establish that a question of material fact exists as to whether Adelphi caused the hole in the sidewalk. As such, Mallett failed to establish that Adelphi had a duty to repair the sidewalk. Accordingly, the trial court did not err by granting summary judgment and dismissing her claim.

Affirmed.

We concur: