FILED
COURT OF APPEALS
DIVISION II

2015 APR -7 AM 9: 23

STATE OF WASHINGTON

BY_____
    DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CYNTHIA BUTLER, | No. 45697-4-II |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| RANDALL FROST, | |
| Respondent. | |

BJORGEN, A.C.J. — Cynthia Butler appeals from an adverse jury verdict in the negligence action she brought against Randall Frost arising from a car accident in 2011. Butler contends that the trial court (1) erred or abused its discretion by giving an instruction that misstated the law, misled the jury, and was not supported by substantial evidence, and (2) improperly denied her motion for a new trial after the jury's verdict due to the aforementioned instructional error and because the jury's verdict was contrary to the evidence.

We hold that (1) the instruction Butler objects to did not misstate the law or mislead the jury, (2) the trial court's decision to give the instruction was supported by substantial evidence, and (3) the trial court did not abuse its discretion or err in denying her motion for a new trial, because the instruction at issue was proper and substantial evidence supported the jury's verdict. We affirm.

FACTS

Butler's and Frost's vehicles collided on a dark and rainy night in November 2011. Butler later sued Frost, alleging that his negligence had caused the accident.

At trial, Butler testified that she was driving in the middle southbound lane of Interstate 205 when she saw Frost's car ahead in the right lane. Because Frost was driving erratically, Butler decided to pass him before moving into the right lane to exit the freeway. After passing Frost and determining that it was safe to change lanes, Butler did so. After merging, Butler removed her foot from the gas pedal to slow down for brake lights she saw in front of her. Frost then rear-ended her car.

Frost's account differed significantly. He testified that, by habit, he was not an aggressive driver and did not tailgate. Frost stated that, in accordance with these habits, he was driving safely and without distraction the night of the accident, at a speed neither fast nor slow. According to Frost, Butler passed him and merged in an unsafe manner, "cut[ting] [him] off," and leaving little room between their two vehicles. II Verbatim Report of Proceedings (VRP) at 207. Frost braked to increase the distance between the cars, but Butler's vehicle "approach[ed] [his vehicle] fast" in spite of his efforts. II VRP at 211-12. Frost opined, without objection, that Butler's slowing must have resulted from her also braking and that "there was nothing [he] could have done to avoid [the accident] . . . [because] there was not enough distance or time" to do so given Butler's unsafe merge. II VRP at 222.

Frost proposed a jury instruction based on the duties of a driver found in RCW 46.61.305(1) and (3).[1] The instruction, given by the trial court as number 17, read in relevant part:

> A statute provides that no person shall move right upon a roadway unless and until such movement can be made with reasonable safety. That statute also provides that no person shall suddenly decrease the speed of a vehicle without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

Clerk's Papers (CP) at 207.

The jury found that Frost had not acted negligently. Given that finding, the trial court's instructions, and the structure of the special verdict form, the jury made no findings regarding causation, damages, or comparative negligence on Butler's part.

After the verdict, Butler moved for a new trial under CR 59(a)(7) and (8),[2] claiming that no evidence justified the verdict and that the trial court erred by giving instruction 17. The trial

---

[1] RCW 46.61.305(1) provides that "[n]o person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

RCW 46.61.305(3) provides that "[n]o person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

[2] CR 59(a) provides that

> [o]n the motion of the party aggrieved, a verdict may be vacated and a new trial granted to all or any of the parties, and on all issues, or on some of the issues when such issues are clearly and fairly separable and distinct, or any other decision or order may be vacated and reconsideration granted. Such motion may be granted for any one of the following causes materially affecting the substantial rights of such parties;
>
> . . . .
>
> (7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law; [or]
> (8) Error in law occurring at the trial and objected to at the time by the party making the application.

court denied the motion after determining that sufficient evidence supported the verdict and that its instruction was correct.[3] Butler then filed this appeal.

## ANALYSIS

### I. INSTRUCTIONAL ERROR

Butler contends that jury instruction 17 either misstated the law or was misleading because it failed to define an appropriate signal within the meaning of RCW 46.61.305. She also contends that the trial court erred or abused its discretion by giving the instruction because the evidence at trial did not support the decision to do so. We disagree with both contentions.

### A. Standard of Review

We review the trial court's jury instructions de novo for errors of law. *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 860, 281 P.3d 289 (2012). "'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'" *Anfinson*, 174 Wn.2d at 860 (quoting *Bodin v. City of Stanwood*, 130 Wn.2d 726, 732, 927 P.2d 240 (1996)). Insufficient instructions are legally erroneous. *Anfinson*, 174 Wn.2d at 860.

If the instructions are legally sufficient, we review the trial court's instructional choices, such as the number of instructions, their wording, or the decision to give or not to give a specific instruction for an abuse of discretion. *Hough v. Stockbridge*, 152 Wn. App. 328, 342, 216 P.3d 1077 (2009). The trial court abuses its discretion by choosing to give an instruction that is not supported by substantial evidence. *Fergen v. Sestero*, 174 Wn. App. 393, 397, 298 P.3d 782

---

[3] The trial court also denied the CR 59(a)(8) motion, in part, because it reasoned that any error would have been harmless as the error could only have affected the jury's determination of Butler's comparative negligence, an issue the jury did not reach given its finding that Frost had not acted negligently.

(2013) (citing *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986) and *Albin v. Nat'l Bank of Commerce of Seattle*, 60 Wn.2d 745, 754, 375 P.2d 487 (1962)), *aff'd*, ___ P.3d ___, 2015 WL 1086516 (Wash. March 12, 2015). Substantial evidence supports a trial court's choice to give an instruction where "a 'sufficient quantum [of evidence] [exists] [in the record] to persuade a fair-minded person of the truth of the declared premise.'" *Fergen*, 174 Wn. App. at 397 (quoting *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978)) (second alteration in original). When reviewing whether substantial evidence supports the choice to give an instruction, we view the evidence and all inferences reasonably drawn therefrom in favor of the nonmoving party. *Stevens v. State*, 4 Wn. App. 814, 816, 484 P.2d 467 (1971).

B.     Misstatement of The Law/Misleading The Jury

Butler first contends that instruction 17 either contained a clear misstatement of the law or was misleading to the jury because it failed to instruct the jury that an "appropriate signal" was one made using hand signals or brake lights. Br. of Appellant at 18. She contends that the failure to so define an appropriate signal invited the jury to speculate as to whether or not she complied with RCW 46.61.305. We disagree with both variants of Butler's argument.

Instruction 17 did not misstate the law. An instruction misstates the law when it contains an affirmative statement contrary to controlling authority. *E.g.*, *Anfinson*, 174 Wn.2d at 871-72; *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160*, 151 Wn.2d 203, 210-11, 87 P.3d 757 (2004). RCW 46.61.305(3) requires drivers, where possible, to make an appropriate signal to the immediately following driver before any sudden decrease in speed. Instruction 17 repeated the relevant language from RCW 46.61.305(3) verbatim: it informed the jury that Butler, as the leading driver, owed a duty to make an appropriate signal, if she could, before suddenly decreasing her speed. There was no misstatement of the law.

5

Nor was instruction 17 misleading. The failure to define a term can render an instruction ambiguous, and therefore misleading. *Anfinson*, 174 Wn.2d at 874-75. An instruction, however, is not misleading where it leaves a term undefined if the jury would properly understand the term in the context of the instruction. *See Anfinson*, 174 Wn.2d at 874-75. Accordingly, even the failure to define a term with a statutory definition is not misleading where that statutory definition merely codifies the common meaning of a term. *See State v. Scott*, 110 Wn.2d 682, 691-92, 757 P.2d 492 (1988). Although RCW 46.61.310 defines an appropriate signal statutorily, that definition simply codifies the term's plain meaning in the context of driving. There are, after all, only so many ways that a driver can signal to a following driver of an imminent and sudden slowing, and the statutory definition captures them: hand or arm signals and signal lamps. *See* RCW 46.61.310. The jurors would have understood what an appropriate signal was. The instruction was not misleading.

C.    <u>Substantial Evidence</u>

In the light most favorable to Frost, his and Butler's testimony at trial provided substantial evidence to support giving instruction 17. Butler testified that she passed Frost on the left before merging in front of him. Frost testified that, just after Butler's merge, he began to slow down out of concern about the small distance between the two cars. He also testified that, despite his efforts, his and Butler's vehicles collided. Frost further testified that he saw bright, red lights just before the collision, and offered the lay opinion that Butler must have braked to cause the slowing necessary for the collision to have happened. From this record, a reasonable inference is that Butler was travelling faster than Frost when she passed him and merged in front of him. Another reasonable inference is that she suddenly slowed, or else the two vehicles could not have quickly closed the distance between them given Frost's braking. Given those

reasonable inferences, substantial evidence supported the trial court's decision to give instruction 17.

Butler contends that substantial evidence did not support giving the instruction because both she and her expert testified that she had not braked and Frost's "conclusory statements" otherwise cannot overcome their testimony. Br. of Appellant at 20, 32 (citing *Bohnsack v. Kirkham*, 72 Wn.2d 183, 190, 432 P.2d 554 (1967) and *Strong v. Terrell*, 147 Wn. App. 376, 384, 195 P.3d 977 (2008)). Frost's opinion that Butler must have braked, however, was only part of his testimony. He also testified about his perception of events that night, stating that Butler merged and then slowed so suddenly that his braking was insufficient to avoid an accident. His testimony was not of the type that triggers the rule found in cases like *Bohnsack*, and it was for the jury to determine what actually happened.[4]

## II. MOTION FOR A NEW TRIAL

Butler also contends that the trial court erred by denying her motion for a new trial pursuant to CR 59(a)(7) and (8). Again, we disagree.

A.      CR 59(a)(7)

CR 59(a)(7) permits the trial court to order a new trial after a jury has returned its verdict where "there is no evidence or reasonable inference from the evidence to justify the verdict." We review the trial court's grant or denial of a motion for a new trial under CR 59(a)(7) for an abuse of discretion. *Palmer v. Jensen*, 132 Wn.2d 193, 197-98, 937 P.2d 597 (1997). To determine whether the trial court has abused its discretion, we review the trial record. *Palmer*, 132 Wn.2d at 197. If sufficient evidence supports the verdict, the trial court abuses its discretion

---

[4]Because we hold the jury instruction to be proper, we do not reach Frost's argument that Butler waived her challenge to it.

by ordering a new trial. *Palmer*, 132 Wn.2d at 198. If not, the trial court abuses its discretion by denying the motion for a new trial. *Palmer*, 132 Wn.2d at 198. Evidence is sufficient to support the verdict where it is substantial. *Haft v. N. Pac. Ry. Co.*, 64 Wn.2d 957, 960, 395 P.2d 482 (1964). Again, substantial evidence is the "quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." *Clayton v. Wilson*, 168 Wn.2d 57, 62-63, 227 P.3d 278 (2010). Again, we must view the evidence and all reasonable inferences that the evidence allows in favor of Frost, the nonmoving party. *Haft*, 64 Wn.2d at 960.

A negligence claim requires proof of four elements: (1) the existence of a legal duty, (2) breach of that duty, (3) injury resulting from the breach, and (4) proximate causation. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). The special verdict form given to the jury noted these elements and required separate findings on each. The jury found that Frost had not acted negligently, meaning had not breached a duty of care, and consequently made no findings on the other elements of Butler's negligence claim.

The record contains substantial evidence supporting that verdict. Frost testified that, before the accident, he was driving neither fast nor slow, but "safe[ly]" and without distraction. II VRP at 206, 220-21. The jury also heard him explain that he did not "tend to tailgate" and was not an aggressive driver. II VRP at 219. Frost stated that Butler "cut [him] off" when she merged right, II VRP at 207, then slowed so that her car "approach[ed] [him] fast," II VRP at 212, despite his attempts to slow down. Frost testified that, because of Butler's unsafe merge and sudden slowing, the accident was unavoidable. Taking the evidence in the light most favorable to Frost, a jury could conclude that Frost had acted with ordinary care, but that the accident had nonetheless happened. *Cf. James v. Niebuhr*, 63 Wn.2d 800, 802, 389 P.2d 287

(1964). Given this evidence, the trial court did not abuse its discretion by denying Butler's motion for a new trial under CR 59(a)(7).

Butler contends that the verdict is contrary to the evidence she offered, including Frost's own deposition testimony and interrogatory answers, both of which she offered as substantive evidence. Even if we agreed that Frost's out-of-court statements conflicted with his trial testimony, and we do not,[5] the jury resolved that conflict in favor of the version Frost offered at trial, and we defer to the jury's resolution of conflicting testimony. *McCoy v. Kent Nursery, Inc.*, 163 Wn. App. 744, 769, 260 P.3d 967 (2011).

B.    CR 59(a)(8)

CR 59(a)(8) also allows the trial court to grant a new trial for an "[e]rror in law occurring at the trial," which prejudiced the moving party. We review the trial court's denial of a motion for a new trial under CR 59(a)(8) de novo. *M.R.B. v. Puyallup Sch. Dist.*, 169 Wn. App. 837, 848, 282 P.3d 1124 (2012);

Butler bases her claim of error related to the denial of the motion for a new trial on her argument that the trial court erred by giving instruction number 17. But, as we have discussed above, the trial court did not err by giving the instruction. Because the instruction was not erroneous, the trial court did not err by denying Butler's motion for a new trial under CR 59(a)(8).

---

[5] Butler extensively briefs what she considers the contradictions between the out-of-court statements and Frost's trial testimony. Reviewing the record, the out-of-court statements are consistent with Frost's description of events, namely that Butler merged in front of him too closely for him to avoid an accident when she slowed down.

CONCLUSION

We find no error in the wording of instruction 17 and no abuse of discretion in the trial court's decision to give it, considering the evidence in the record. We also find substantial evidence supported the jury's verdict. For these reasons, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Worswick, J.

Sutton, J.