238 P.3d 1168 (2010)
Jose GUILLEN; City of Sunnyside, Respondent,
v.
Lorena CONTRERAS, guardian of Jesus Jaime Torres, Jr., Appellant.
No. 82531-9.
Supreme Court of Washington, En Banc.
Argued May 13, 2010.
Decided September 9, 2010.
*1169 Todd V. Harms, Attorney at Law, Richland, WA, for Petitioner.
Kirk A. Ehlis, Anthony F. Menke, Quinn N. Plant, Menke Jackson Beyer Ehlis & Harper L.L.P., Yakima, WA, for Respondent.
Suzanne Lee Elliott, Attorney at Law, Robert Jonathan Wayne, Robert J. Wayne P.S., Seattle, WA, amicus counsel for Washington Association of Criminal Defense Lawyers.
CHAMBERS, J.
¶ 1 Under Washington's civil forfeiture statute, law enforcement has the power to seize cash, property, and vehicles used in, or purchased with the proceeds from, drug dealing. RCW 69.50.505. Property owners have the right to challenge such seizures and, if they "substantially prevail[ ]," recover their costs and reasonable attorney fees. RCW 69.50.505(6). In this case, police seized a car and money that appeared to have been used in a drug transaction. The family challenged the seizure. The superior court issued a mixed judgment, ruling that the car and some of the money was not subject to forfeiture, but affirming the city of Sunnyside's right to take the rest of the money, which represented three-quarters of the total value of the property originally seized. Both the trial court and the Court of Appeals concluded that the family was not a prevailing party based upon the relative value of the amount challenged versus the amount recovered. However, the attorney fee provision in Washington's *1170 civil forfeiture act was adopted to protect people from having their property wrongfully seized by the government. The statute is not a prevailing party statute as only a claimant, not the government, may recover fees and costs. We hold a claimant is entitled to reasonable attorney fees for any property recovered, and reverse.

FACTS
¶ 2 It was a tragic night. On June 28, 2005, Jesus Jaime Torres, Sr. drove from Pasco to Sunnyside, Washington. It is not entirely clear what happened next, but we know that shots were fired. Upon hearing the gunshots, neighbors summoned police, who arrived at a bloody scene. In all, five people had been shot and two, including Torres, later died. Police found the door to a home open and a puddle of blood in the entryway. The police entered and found an injured man and $57,990, packaged to resemble a kilogram of cocaine. Torres's car was parked outside, a door and the trunk open, both stained with blood. Five bags of what appeared to be cocaine (but was in fact powered plasterboard) were nearby.
¶ 3 Exactly what happened that night may never be known but it appears after being shot, Torres managed to stumble to a nearby home where the residents disarmed him before letting him in and calling 911. He was taken to a local hospital before he died. Cash in the amount of $9,342 was found on Torres's body, some by hospital employees while treating him, some during an autopsy.
¶ 4 The city seized Torres's car, the money found on his body, and the money found in the house. Some weeks later, the city served Torres's infant son, Jesus Jaime Torres, Jr., with a notice of intended forfeiture of the car and the money found on Torres's body. The woman who lived in the home where the transaction took place was served with a similar notice of intent to seize the rest of the money found at the scene. Not surprisingly, she has made no claim on the money.
¶ 5 Torres, Jr., through his mother, Lorena Contreras ("the family"), initially objected to the forfeiture of the cash on Torres's body and of his car. Separately, they also asked to be heard as to the $57,990 found at the scene. The two matters were joined although the record is unclear how or why. It may have been for judicial economy. Sunnyside Municipal Court Judge Steven C. Michels, the first judge hearing the matter, awarded title to the car and all of the money to the city. The family appealed to the superior court, where Judge F. James Gavin ruled that Torres, Jr. was an innocent owner of the car and that the city had not proved that the money on Torres's body was implicated in drug dealing. He also ruled the search of the home where the $57,990 was found was lawful, that due process did not require that Torres, Jr. receive notice of the intent to seize the $57,990, and that the seizure was not illegal without such notice. None of these substantive issues is before us.
¶ 6 After being awarded the car and the $9,342, the family moved for attorney fees. The judge directed the parties to brief the issue and held a separate hearing to resolve the matter. The court framed the issue as whether the family had recovered a sufficient percentage of what was taken to be deemed the substantially prevailing party. After argument, the learned judge orally ruled:
So you have the child and the BMW and the $9,342 and the city prevailing on the $57,990. I just am having difficulty finding that someone did or did not substantially prevail. The city prevailed and the child prevailed. I don't think the child has proved that he substantially prevailed although he did prevail in those two claims..... I think both prevailed. One didn't prevail more significantly than the other.
Verbatim Report of Proceedings (June 15, 2007) at 11. Fees were denied.
¶ 7 The attorney fee decision was appealed. A split panel of the Court of Appeals scrutinized "prevailing party" attorney fee provisions and concluded that the legislature did not intend to grant attorney fees to parties that received a quarter of the value of what they sought and affirmed.[1] Chief Judge *1171 John A. Schultheis wrote a spirited dissent, contending that "a claimant is entitled to attorney fees if it merely substantially prevails in its action to return wrongfully seized property" and that the majority's approach undermined legislative intent. Guillen v. Contreras, 147 Wash.App. 326, 339, 195 P.3d 90 (2008) (Schultheis, C.J., dissenting). We accepted review of that decision, and thus, whether the family is entitled to attorney fees is the only issue before us. 166 Wash.2d 1018, 217 P.3d 782 (2009).

ANALYSIS
¶ 8 At issue is the meaning of the attorney fee provision of the forfeiture statute. The meaning of a statute is a question of law reviewed de novo. Dreiling v. Jain, 151 Wash.2d 900, 908, 93 P.3d 861 (2004) (citing Rivett v. City of Tacoma, 123 Wash.2d 573, 578, 870 P.2d 299 (1994)). Generally, this court reviews attorney fee awards for abuse of discretion. E.g., Ermine v. City of Spokane, 143 Wash.2d 636, 650, 23 P.3d 492 (2001); Fluke Capital & Mgmt. Servs. Co. v. Richmond, 106 Wash.2d 614, 625, 724 P.2d 356 (1986). Discretion can be abused if it is exercised on untenable grounds or for untenable reasons, such as a misunderstanding of the meaning of a statute. State v. Downing, 151 Wash.2d 265, 272-73, 87 P.3d 1169 (2004) (quoting State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971)). The attorney fee provision of the forfeiture statute says in relevant part:
In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant. In addition, in a court hearing between two or more claimants to the article or articles involved, the prevailing party is entitled to a judgment for costs and reasonable attorneys' fees.
RCW 69.50.505(6). This provision was enacted in 2001. See LAWS of 2001, ch. 168, § 1(f). Prior to that, the civil forfeiture statute had no provision for attorney fees against the State, though it did allow two or more claimants to recover fees from each other if one of them prevailed. See former RCW 69.50.505(e) (1993). However, at least some Washington courts had granted attorney fees through the equal access to justice act, RCW 4.84.340-.360, which allows awards of attorney fees in some administrative cases. See Moen v. Spokane City Police Dep't, 110 Wash.App. 714, 718, 721, 42 P.3d 456 (2002) (noting that the "Legislature is sensitive to the public's concern for accountability when a civil forfeiture is insupportable.").
¶ 9 The Court of Appeals opinion in this case is the first to consider the meaning of "substantially prevails" in this statute. It essentially concluded that the amount sought should be weighed against the amount received, mostly based on prevailing party fee jurisprudence. Guillen, 147 Wash.App. at 335, 195 P.3d 90. A "prevailing party" is any party that receives some judgment in its favor. Riss v. Angel, 131 Wash.2d 612, 633, 934 P.2d 669 (1997) (citing Schmidt v. Cornerstone Invs., Inc., 115 Wash.2d 148, 164, 795 P.2d 1143 (1990)). If neither party completely prevails, the court must decide which, if either, substantially prevailed. Id. "[T]his question depends upon the extent of the relief afforded the parties." Id. at 633-34, 934 P.2d 669 (citing Marassi v. Lau, 71 Wash. App. 912, 916, 859 P.2d 605 (1993)). As surveyed by the court below, there is ample case law supporting this approach. Guillen, 147 Wash.App. at 333-34, 195 P.3d 90 (quoting, e.g., Goedecke v. Viking Inv. Corp., 70 Wash.2d 504, 513, 424 P.2d 307 (1967) ("Since neither party has completely prevailed, each will bear his own costs."); Ennis v. Ring, 56 Wash.2d 465, 473, 341 P.2d 885, 353 P.2d 950 (1959)); see also RAP 14.2 ("A commissioner or clerk of the appellate court will award costs to the party that substantially prevails on review, unless the appellate court directs otherwise.").[2]
*1172 ¶ 10 However, as Judge Schultheis noted in dissent below, "[T]his forfeiture statute recognizes the success of only one partythe claimant. What the seizing agency retains is not relevant. It will never be a substantially prevailing party or prevailing party under RCW 69.50.505(6)." Guillen, 147 Wash.App. at 338, 195 P.3d 90 (Schultheis, C.J., dissenting). Thus, he suggests, quantitative comparison is inappropriate as we are not balancing the comparative success of two parties with an equal statutory interest in attorney fees. We agree. This is an attorney fee provision designed to protect individuals against having their property wrongfully taken by the State. A bare mathematical approach is not appropriate.
¶ 11 Nor does it fit with the language of the statute. The legislature used two different phrases in the attorney fee provision to indicate who was entitled to attorney fees: one who "substantially prevails" against the State and one who is a "prevailing party" in a dispute with another person over the ownership of seized property. RCW 69.50.505(6). "[I]t is an `elementary rule that where the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.'" State v. Jackson, 137 Wash.2d 712, 724, 976 P.2d 1229 (1999) (quoting United Parcel Serv., Inc. v. Dep't of Revenue, 102 Wash.2d 355, 362, 687 P.2d 186 (1984)). Interpreting the two phrases to mean the same thing would undermine that principle.
¶ 12 This court pays particular attention to the legislative purpose behind attorney fee provisions. Brand v. Dep't of Labor & Indus., 139 Wash.2d 659, 667, 989 P.2d 1111 (1999) ("[I]t is important to evaluate the purpose of the specific attorney fees provision and to apply the statute in accordance with that purpose."). In Brand, we found that "[t]he purpose behind the award of attorney fees in workers' compensation cases is to ensure adequate representation for injured workers who were denied justice by the Department." Id. To that end, the court gave a liberal interpretation to the attorney fee provision. Id. at 668, 989 P.2d 1111. In light of that principle and the plain language of the statute, the court held:
[R]educing attorney fees awards to account for a worker's limited success is inappropriate in this context. Under the statute, the worker's degree of overall recovery is inconsequential.... Awarding full attorney fees to workers who succeed on appeal before the superior or appellate court will ensure adequate representation for injured workers.
Id. at 670, 989 P.2d 1111. We believe similar principles should apply here. The purpose of the addition of the attorney fee provision was to provide greater protection to people whose property is seized.[3] Read in terms of citizens' rights threatened by the State's power, the statute should be read as granting fees when the claimants receive substantial reliefsomething more than nominalas opposed to receiving half or more of what they sought.
¶ 13 There is a pragmatic reason to believe that the legislature intended this attorney fee provision to be read liberally. As amicus Washington Association of Criminal Defense Lawyers notes, without an award of attorney fees, the family will probably have to forfeit *1173 all the cash recovered and sell the car to pay its attorneys fighting the civil forfeiture. If the purpose of the statute is to protect citizen's rights against wrongful seizure of their property, then granting attorney fees whenever claimants substantially prevail on some issue, or receive more than nominal relief, may be necessary to accomplish that statutory purpose. As amicus notes, "an owner has the right to resist the taking of any of his property regardless of market value." Amicus Br. at 8. As we reasoned in Brand, without an adequate attorney fee provision, injured workers would be left without any practical recourse.[4]Brand, 139 Wash.2d at 667-68, 989 P.2d 1111.
¶ 14 This approach is consistent with the federal courts' approach to attorney fees in civil forfeiture cases.[5] In a somewhat similar case involving the seizure of property by federal authorities, a federal court reached a similar result under the federal Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 in United States v. 22249 Dolorosa Street, 190 F.3d 977 (9th Cir.1999). In Dolorosa, the federal government seized a home, contending that the funds used to remodel it were traceable to drug dealing, along with several vehicles and bank accounts. Id. at 980-81, 983. The court returned about one quarter of the value seized to the claimants and awarded attorney fees under the EAJA's "prevailing parties" attorney fees provision, 28 U.S.C. § 2412(d)(1)(A).[6] While the act does not define prevailing parties, federal courts consider claimants "`"prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."'" Dolorosa, 190 F.3d. at 981 (quoting Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n, 870 F.2d 542, 544 (9th Cir.1989) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))). "The government argue[d] that claimants are not prevailing parties because, viewing the civil forfeiture action as a whole, they ultimately prevailed as to only 28.7% of the total value of the defendant properties in the original complaint, which included, in addition to the Dolorosa property, two vehicles and five currency *1174 defendants." Id. The United States contended that prevailing on a quarter of the value was just not enough to consider a party prevailing for purposes of fees. The court rejected the argument and awarded fees. "There is no requirement that success be measured by comparison of the value of the respective properties. Forfeiture of the Dolorosa property was a `significant issue' even if its monetary value was less than that of the property forfeited." Id. at 982.

CONCLUSION
¶ 15 We conclude that the attorney fee provision in RCW 69.50.505(6) was intended to protect people whose property was wrongfully seized. We hold that a claimant may recover reasonable attorney fees for any property the government has wrongfully seized under RCW 69.50.505. However, the legislature did not, as we read the statute, intend for claimants to recover fees and costs incurred solely for unsuccessful claims. Generally, the amount of a fee award will be left to the discretion of the trial court. We remand to the trial court to determine, consistent with this opinion, the amount of attorney fees reasonably incurred by the respondents in recovering the vehicle and the $9,342.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
SANDERS, J. (dissenting).
¶ 16 The majority correctly holds Lorena Contreras, as guardian of Jesus Jaime Torres, Jr., is entitled to attorney fees under RCW 69.50.505(6), having received substantial reliefi.e., something more than nominal reliefafter challenging the seizure of private property. See majority at 1172-73.
¶ 17 I dissent, however, because the majority artificially limits her remedy. The City of Sunnyside sought forfeiture of a car and several amounts of money in a single proceeding. Because Contreras did not prevent the city's forfeiture of all the money, the majority limits attorney fees for only the car and amount of money that Contreras recovered. See majority at 1173-74. But RCW 69.50.505(6) makes no such distinction:
In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant.
¶ 18 Parsing attorney fees for item-by-item recovery is inconsistent with the language of RCW 69.50.505(6). The statute awards attorney fees where the claimant "substantially prevails" in the proceeding. Id. Yet the majority grants attorney fees only for the portions of the proceedings dealing with the items the claimant successfully recovered. Majority at 1173-74. This has the same effect as viewing the claimant's success item by item. But the text of the statute does not permit such a result. If we view success item by item, the question of whether the claimant "substantially prevails" is simply whether he or she successfully recovered that item. This renders "substantially" meaningless, RCW 69.50.505(6), because prevailing in the recovery of an individual item will always be substantialsince one recovers 100 percent of that item. We do not interpret statutes to render portions of their language meaningless. See, e.g., State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003) (quoting Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999)) (quoting Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)).
¶ 19 The language of Washington's seizure and forfeiture statute, RCW 69.50.505, is materially different from the corresponding federal statute, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 28 U.S.C. § 2465. CAFRA, with respect to federal seizures, expressly provides, "If the court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly." 28 U.S.C. § 2465(b)(2)(D). RCW 69.50.505 contains no such language limiting recovery in a proceeding where the claimant "substantially prevails." The majority's perfunctory addition of such a limitation *1175 is inconsistent with the language of the statute.
¶ 20 I dissent.
NOTES
[1] We do not know how much the car was worth. The Court of Appeals looked to Kelley Blue Book, available at http://www.kbb.com, and determined that it was probably worth between $5,500 and nearly $9,500. Guillen v. Contreras, 147 Wash. App. 326, 335 n. 5, 195 P.3d 90 (2008).
[2] Unfortunately, the other times the legislature has used terms like "substantially prevails" in attorney fee provisions are not terribly illuminating. RCW 64.35.115 says, "In any judicial proceeding or arbitration brought to enforce the terms of a qualified warranty, the court or arbitrator may award reasonable attorneys' fees to the substantially prevailing party." That statute has never been interpreted. RCW 4.84.370(1) says that "reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party" who successfully challenges a governmental decision "to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision." But RCW 4.84.370 does create circumstances where the State can recover its attorney fees, and none of the case law explores a situation where the court is comparing comparative monetary values.
[3] We have previously looked to the governor's statement on vetoing a part of a bill to shed light on its meaning. Dep't of Ecology v. Theodoratus, 135 Wash.2d 582, 594, 957 P.2d 1241 (1998). In this case, the governor noted:

Engrossed Substitute House Bill No. 1995 provides needed reform to our civil forfeiture laws. This bill will provide greater protection to citizens whose property is subject to seizure by law enforcement agencies. Drug dealers should not be allowed to benefit from their illegally gotten wealth, but we must not sacrifice citizens' rights in our efforts to fight drug trafficking.
LAWS of 2001, ch. 168, at 752-53 (partial veto note) (emphasis added).
[4] The city contends that the legislature is capable of writing broader attorney fee provisions and would have done so if it intended to grant attorney fees where the claimant succeeded on any grounds. For example, it points to the attorney fee provision in the Industrial Insurance Act (IIA) which reads:

If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.
RCW 51.52.130(1). Under that statute, if the department's decision is changed in some way and "additional relief" is granted the worker, or if the worker's "right to relief is sustained" against a challenge, fees must be awarded. See also Boeing Co. v. Heidy, 147 Wash.2d 78, 89, 51 P.3d 793 (2002) (granting worker fees under this statute even though two of his three claims had been denied). Certainly, the legislature could have used similar language in the civil forfeiture statute. But the statutes are responding to different situations, and, again, we must look at the purpose of the attorney fee provision in determining its meaning. Brand, 139 Wash.2d at 667, 989 P.2d 1111. In the IIA context, generally, a worker is seeking benefits from the State. In the civil forfeiture statute, a person is seeking return of their own property from the State. The language used in the IIA attorney fee provision would not be particularly helpful in the civil forfeiture context.
[5] Washington courts frequently look to federal civil forfeiture law to interpret our own, though this appears to be the first time the question has been raised in the attorney fee context. See, e.g., City of Bellevue v. Cashier's Check for $51,000.00 & $1,130.00 in U.S. Currency, 70 Wash.App. 697, 701, 855 P.2d 330 (1993) (citing Rozner v. Bellevue, 116 Wash.2d 342, 351, 804 P.2d 24 (1991)).
[6] We recognize that this provision is at least procedurally different from RCW 69.50.505(6). It provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. § 2412(d)(1)(A). Thus, it starts from the position that fees should be awarded unless the court finds that the government was substantially justified or special circumstances exist.