
FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE SEP 0 6 2018

Fairhurst, CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8 am on Sept 6, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE OLYMPIC PENINSULA NARCOTICS ENFORCEMENT TEAM; BILL BENEDICT, CLALLAM COUNTY SHERIFF; CLALLAM COUNTY SHERIFF'S OFFICE; and CLALLAM COUNTY, <br><br> Respondents, <br><br> v. <br><br> REAL PROPERTY KNOWN AS (1) JUNCTION CITY LOTS 1 THROUGH 12 INCLUSIVE, BLOCK 35, (2) LOT 2 OF THE NELSON SHORT PLAT LOCATED IN JEFFERSON COUNTY, AND ALL APPURTENANCES AND IMPROVEMENTS THEREON, OR PROCEEDS THEREFROM, <br><br> Defendant, <br><br> STEVEN L. FAGER; DBVWC, INC., a Washington corporation; and the LUCILLE M. BROWN LIVING TRUST, <br><br> Petitioners. | No. 95013-0 <br><br> EN BANC <br><br> Filed: SEP 0 6 2018 |

YU, J.— This case involves Washington's civil forfeiture statute and the scope of the attorney fees provision where the claimant is the substantially prevailing party. The forfeiture statute allows law enforcement agencies to seize and take ownership of property that has a sufficient factual nexus to certain controlled substance violations. RCW 69.50.505. However, if someone claims the property and law enforcement cannot prove that forfeiture is authorized, then the claimant is entitled to have the property returned and to receive "reasonable attorneys' fees reasonably incurred by the claimant." *Id.* at (6). We are presented with two issues of first impression regarding this attorney fees provision.

First, we are asked who qualifies as a "claimant" when the property at issue is owned by a corporation. We hold that in such a case, a corporate shareholder who did not file any claim in the forfeiture case is not a claimant and therefore cannot recover attorney fees pursuant to the statute's plain language. We thus affirm the Court of Appeals in part.

Second, we must decide whether a substantially prevailing claimant's fee award is strictly limited to fees incurred in the forfeiture proceeding itself. The answer is no. The plain language of RCW 69.50.505(6) gives courts discretion to award the claimant attorney fees from a related criminal case if the fees were reasonably incurred for the primary purpose of resisting civil forfeiture. We

therefore reverse the Court of Appeals in part and remand to the trial court to enter

a corrected fee award consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2007, the Olympic Peninsula Narcotics Enforcement Team

(OPNET) became suspicious that brothers Steven and Timothy Fager[1] were

growing and distributing marijuana from a commercial building at 115 Freeman

Lane in Port Townsend. OPNET officers conducted surveillance and, in 2009,

obtained a warrant for a thermal image search, based on allegations that they could

smell marijuana from the street and that the smell was coming from the 115

Freeman Lane building.

Based on the results of the thermal image search, OPNET obtained a search

warrant for the 115 Freeman Lane building and "discovered a large, sophisticated,

indoor marijuana growing operation." Clerk's Papers (CP) at 19. The next day,

the Fagers were each charged with one count of manufacturing marijuana and one

count of possession with intent to deliver marijuana. The criminal cases against

the Fagers were consolidated.

On the same day that the criminal charges were filed, OPNET, the Clallam

County sheriff, and Clallam County brought this civil forfeiture case against the

---

[1] For clarity, we refer to the brothers collectively as "the Fagers" and individually as
"Steven" and "Timothy."

two parcels of real property on which the 115 Freeman Lane building is located.

One parcel belongs to Steven and the other belongs to a corporation, Discovery

Bay Village Wellness Collective (DBVWC).[2] Steven is the president and

registered agent for DBVWC, and the Fagers are both shareholders.

Jeffrey Steinborn timely entered a notice of appearance in the forfeiture case

as "Attorney for Claimant Steven Fager." *Id.* at 31. In January 2010, the parties

entered an agreed order staying the forfeiture case pending the outcome of the

consolidated criminal cases, which took several more years to resolve.

In their criminal cases, the Fagers moved to suppress the evidence OPNET

obtained from searching the 115 Freeman Lane building. After a lengthy hearing,

the trial court granted the motion, crediting unrebutted expert testimony "that it

would have been impossible for the officers to smell the marijuana" from the

distance at which they claimed to smell it. *Id.* at 80. The court also determined

that the officers' statements "demonstrate[d] a reckless disregard for the truth" and

must be suppressed. *Id.* at 81.

Without those statements, there was no probable cause for the search

warrant, and the court therefore suppressed "[a]ll evidence procured as a result."

*Id.* at 84. The trial court then dismissed the criminal cases with prejudice, and the

---

[2] The "WC" in DBVWC is variously referred to as standing for "Water Company" and "Wellness Collective." *E.g.*, CP at 19, 52. We defer to the trial court's findings of fact, which use "Wellness Collective." *Id.* at 546.

Court of Appeals affirmed. *State v. Fager*, No. 44454-2-II (Wash. Ct. App. Feb. 10, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2044454-2-II%20%20Unpublished%20Opinion.pdf. The State did not seek further review, and the mandate issued on April 8, 2015.

Two and a half weeks later, James R. Dixon entered a notice of appearance in the forfeiture proceeding as "Substitution Counsel for Steve Fager." CP at 46. That same day, "Steven Fager and the Discovery Bay Village Wellness Collective" moved for summary judgment. *Id.* at 52. OPNET did not respond. Instead, OPNET released its lis pendens and filed a motion for voluntary dismissal pursuant to CR 41(a)(1)(B). The parties agreed that voluntary dismissal should be granted and that the summary judgment motion was moot. However, OPNET would not stipulate to a dismissal that included any attorney fee award, so Steven filed a separate motion for attorney fees.

The trial court dismissed the forfeiture case and awarded the Fagers the attorney fees incurred in the forfeiture case, as well as some of the fees incurred in the Fagers' criminal cases. The Fagers did not request, and the court did not award, all of their criminal defense fees, however. Instead, the court awarded fees only "where the primary purpose behind the incurred fees was to prevent the forfeiture." *Id.* at 540. On OPNET's request for clarification, the court confirmed that it was awarding fees to both Steven and Timothy because Timothy is "a part

owner of DBVWC, Inc." Excerpt of Proceedings of Audio Verbatim Tr. (Aug. 5, 2015) (RP) at 67.

OPNET appealed. In an unpublished decision, the Court of Appeals, Division One, held that RCW 69.50.505(6) did not authorize the trial court to consider "factors unrelated to the civil forfeiture proceeding," such as "'the way in which the State approached the criminal case,'" in awarding attorney fees. *Olympic Peninsula Narcotics Enf't Team v. Junction City Lots 1 through 12 Inclusive*, No. 75635-4-I, slip op. at 14-15 (Wash. Ct. App. May 22, 2017) (unpublished) (*OPNET*) (underlining omitted), http://www.courts.wa.gov/opinions/pdf/756354.pdf. It also held that Steven appeared in the forfeiture proceeding only in his individual capacity and that DBVWC and Timothy never appeared at all, so Timothy could not be a claimant entitled to attorney fees. The Court of Appeals therefore affirmed in part, reversed in part, and remanded for the trial court to enter a corrected fee award as to Steven. We granted the Fagers' petition for review.

## ISSUES

A.     Is Timothy a substantially prevailing claimant entitled to attorney fees in the forfeiture case?

B.     Does RCW 69.50.505(6) give courts discretion to award attorney fees that a substantially prevailing claimant incurred in a related criminal proceeding for the purpose of resisting forfeiture?

C.     Are the Fagers entitled to attorney fees incurred on review in this court?

## ANALYSIS

In Washington, "a court may award [attorney] fees only when doing so is authorized by a contract provision, a statute, or a recognized ground in equity." *King County v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV,* 188 Wn.2d 618, 625, 398 P.3d 1093 (2017). The only basis asserted for attorney fees in this case is a statute, RCW 69.50.505(6). Attorney fee awards are reviewed for abuse of discretion. *Guillen v. Contreras,* 169 Wn.2d 769, 774, 238 P.3d 1168 (2010). However, the underlying question of which fees may be awarded pursuant to the statute is a question of law reviewed de novo. *Id.*

In this case, OPNET did not waive or forfeit its argument that Timothy is not a claimant, and the record clearly shows that he is not. His status as a shareholder in DBVWC, a distinct corporate entity, does not make him a claimant. We therefore affirm the Court of Appeals in part and remand to the trial court to exclude from its fee award the fees that Timothy incurred in his criminal case.

We further hold that RCW 69.50.505(6) gives courts discretion to award attorney fees that a substantially prevailing claimant reasonably incurred in a related criminal case for the primary purpose of avoiding civil forfeiture. Here, the trial court properly exercised its discretion to award some of Steven's criminal

7

defense fees when he prevailed in the civil forfeiture case. We therefore reverse the Court of Appeals on this issue.[3]

Finally, we award Steven the attorney fees he incurred on review in this court as to the second issue, on which he substantially prevails.

A. **Timothy's criminal defense fees cannot be awarded because he is not a claimant**

As discussed further below, the trial court properly awarded some of Steven's criminal defense fees in this case. However, we affirm the Court of Appeals' holding that Timothy's criminal defense fees must be excluded from the fee award.

The Fagers initially contend that OPNET forfeited or waived this issue by failing to raise it in a timely manner. However, OPNET did raise concerns about Timothy's status as a claimant before the trial court entered its findings of fact, conclusions of law, and order, both at oral argument and in its written briefing. RP at 43, 67; CP at 522-24. The Fagers responded on the merits, and the trial court

---

[3] The parties read the Court of Appeals' opinion as agreeing with OPNET that trial courts do not have any discretion to award related criminal defense fees in a civil forfeiture case. *See OPNET*, No. 75635-4-I, slip op. at 14-15. Amicus, however, contends that the Court of Appeals held just the opposite. Amicus Curiae Br. of Wash. Ass'n of Criminal Defense Lawyers at 2-7. We agree with the parties' reading because the Court of Appeals denied the Fagers' motion for reconsideration or clarification on that very issue and only the Fagers sought this court's review as aggrieved parties. *See* RAP 3.1.

8

decided the issue in their favor. RP at 43-44, 67; CP at 527, 529-30. We likewise

address the merits of this issue on review.

RCW 69.50.505(6) explicitly allows courts to award fees "reasonably

incurred by the claimant." A "claimant" in a civil forfeiture case is "any person

[who] notifies the seizing law enforcement agency in writing of the person's claim

of ownership or right to possession of" the property within the statutory time limit.

RCW 69.50.505(5). Timothy did not do that in this case.

Timothy argues that his duty to notify OPNET in writing was never

triggered because OPNET never served him with notice of the intended forfeiture.

OPNET contends it had no duty to serve Timothy because its "title search did *not*

identify Timothy Fager as having a known interest in the real property." Suppl.

Briefing under RAP 13.7(d) at 15-16. We decline to resolve this dispute because it

is unnecessary. Timothy cannot be a claimant in this case as a matter of law.

Steven owns one parcel of the real property at issue and DBVWC, a

corporation, owns the other.[4] "[A] corporation's shareholders have no property

interest in that corporation's physical assets because corporations are separate

---

[4] OPNET conceded at oral argument that Steven "was acting as the representative for" DBVWC in the forfeiture case, so DBVWC and Steven are both prevailing claimants. Wash. Supreme Court oral argument, *Olympic Peninsula Narcotics Enf't Team v. Junction City Lots 1 through 12 Inclusive*, No. 95013-0 (June 12, 2018), at 18 min., 16 sec., *video recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org. *Contra OPNET*, No. 75635-4-I, slip op. at 11-12. In light of OPNET's concession, this opinion does not distinguish between Steven's and DBVWC's entitlement to attorney fees.

organizations with different privileges and liabilities from shareholders." *Nw. Cascade, Inc. v. Unique Constr., Inc.*, 187 Wn. App. 685, 702, 351 P.3d 172 (2015) (citing *Christensen v. Skagit County*, 66 Wn.2d 95, 97, 401 P.2d 335 (1965)). We do not doubt that as a shareholder in DBVWC, Timothy is financially interested in the outcome of the forfeiture case. But a claim of financial interest in the outcome is not a "claim of ownership or right to possession of" the real property. RCW 69.50.505(5). Timothy is therefore not a claimant.

RCW 69.50.505(6) explicitly limits the attorney fees that may be awarded to fees "incurred by the claimant." Steven and DBVWC are the only claimants in this forfeiture case, and there is no suggestion that they incurred Timothy's criminal defense attorney fees. Therefore, those fees may not be awarded.

B.   RCW 69.50.505(6) gives courts discretion to award attorney fees that a claimant reasonably incurs in a criminal case for the purpose of prevailing in a related civil forfeiture case

Washington is one of the few jurisdictions that provides for mandatory attorney fee awards to prevailing claimants in civil forfeiture cases: "In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant."[5] RCW 69.50.505(6). The parties dispute whether, and to what

---

[5] *See also* 28 U.S.C. § 2465(b)(1); IOWA CODE § 809A.12(7); OR. REV. STAT. § 131A.310(1); UTAH CODE § 24-4-110(1)(b); VA. CODE § 19.2-386.12(B); WYO. STAT. § 35-7-1049(p)(i).

extent, there are limitations on the fees that may be awarded pursuant to this provision. OPNET contends that claimants may recover attorney fees incurred only in the civil forfeiture case itself, under that specific cause number, while the Fagers contend that courts have discretion to award claimants fees reasonably incurred in a related criminal case for the primary purpose of ensuring the claimant's success in the forfeiture case. We agree with the Fagers.

When interpreting statutes, our task is always to give effect to the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The legislature's intent in enacting RCW 69.50.505(6) was "to protect individuals against having their property wrongfully taken by the State." *Guillen*, 169 Wn.2d at 776. To effect this intent, courts should look at the purpose of the work underlying the fees incurred and ask whether the attorney's work was directly related to the forfeiture proceedings even if it was not the same cause number. The trial court in this case thus properly exercised its discretion when it awarded Steven some of the attorney fees he incurred in his criminal case because it found those fees were factually connected and reasonably incurred for the primary purpose of prevailing in the forfeiture case.

We have already once interpreted RCW 69.50.505(6) as requiring courts to take a purpose-based approach to fees in civil forfeiture cases. In *Guillen*, we held that a partially prevailing claimant is entitled only to partial attorney fees,

reasoning that the legislature did not "intend for claimants to recover fees and costs incurred solely for unsuccessful claims." *Id.* at 780. This reasoning directs courts to award fees based not on cause number but on whether the fees were reasonably incurred for the purpose of ensuring the success that the claimant actually achieved.

We decline to confine *Guillen*'s reasoning to cases where it works to the claimant's detriment. Just as a partially prevailing claimant is entitled to only partial attorney fees, we hold that a fully prevailing claimant is entitled to the full amount of attorney fees reasonably incurred for the claimant to succeed. This is the only approach that accounts for all of the statutory language, gives that language the liberal interpretation required, and reflects the realities presented in the context of civil forfeiture.

When interpreting statutes, we have a duty "'to give effect to all language, so as to render no portion meaningless or superfluous.'" *State v. Ervin*, 169 Wn.2d 815, 823, 239 P.3d 354 (2010) (quoting *Rivard v. State*, 168 Wn.2d 775, 783, 231 P.3d 186 (2010)). If fee awards pursuant to RCW 69.50.505(6) were limited based strictly on the cause number, as OPNET contends they should be, then the statute could just as easily read, "In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees." We cannot ignore the legislature's decision to specifically

include additional language without limitation that allows for the award of fees

"reasonably incurred by the claimant." RCW 69.50.505(6).

OPNET suggests that its interpretation would not render "reasonably

incurred by the claimant" meaningless because that phrase should be interpreted as

an additional *limit* on a claimant's right to recover fees:

> [T]he legislature was setting out two separate reasonable standards. The first one ["reasonable attorneys' fees"] is whether the attorney was charging a reasonable rate, whether it was a reasonable fee for that attorney's work in the civil forfeiture proceeding. And then the "reasonably incurred" language is for the actual work within the civil forfeiture proceeding that was—led to a successful [claim] under that statute.

Wash. Supreme Court oral argument, *Olympic Peninsula Narcotics Enf't Team v.*

*Junction City Lots 1 through 12 Inclusive*, No. 95013-0 (June 12, 2018), at 27

min., 31 sec., *video recording by* TVW, Washington State's Public Affairs

Network, http://www.tvw.org. This is a dubious proposition because work that did

not lead to a successful claim is already excluded by the statute's reference to

"reasonable attorneys' fees." RCW 69.50.505(6); *see Guillen*, 169 Wn.2d at 780.

More troublingly, this interpretation relies on federal case law that "'strictly'"

interprets the attorney fees provision in a federal civil forfeiture statute. *United*

*States v. 317 Nick Fitchard Rd. Nw.*, 579 F.3d 1315, 1320 (11th Cir. 2009)

(quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S. Ct. 3274, 77

L. Ed. 2d 938 (1983)).

13

Our precedent precludes such a strict interpretation, directing us instead to interpret RCW 69.50.505(6) liberally in favor of the claimant's right to recover fees. *Guillen*, 169 Wn.2d at 777-78. Liberally reading the phrase "reasonably incurred by the claimant" leads us to conclude that the legislature intended to make it clear that a court's guiding inquiry in awarding attorney fees incurred by a prevailing claimant is the fees' purpose and reasonableness. RCW 69.50.505(6). In the context of civil forfeiture, neither purpose nor reasonableness can be determined by cause number alone. Courts must instead account for the "pragmatic" considerations presented by such cases. *Guillen*, 169 Wn.2d at 778; *cf. Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) (awarding fees that were "necessary to the attainment of adequate relief," even though the fees were incurred before the litigation officially began).

It is certainly true that civil forfeiture and criminal cases are separate proceedings and that civil forfeiture is not technically a criminal penalty. *United States v. Ursery*, 518 U.S. 267, 292, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996). But forfeiture as a civil matter derives from a "'legal fiction'" that "'[i]t is the *property* which is proceeded against, and . . . held guilty and condemned as though it were conscious instead of inanimate and insentient.'" *Id.* at 275 (emphasis added) (quoting *Various Items of Pers. Prop. v. United States*, 282 U.S. 577, 581,

51 S. Ct. 282, 75 L. Ed. 558 (1931)). This legal fiction prevents courts from applying constitutional rules that "are expressly limited to criminal cases" in civil forfeiture cases. *Austin v. United States,* 509 U.S. 602, 607, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993). But it does not require courts to ignore the fact that with the enactment of RCW 69.50.505, the legislature "has chosen to tie forfeiture directly to the commission of drug offenses." *Id.* at 620.

The connection between criminal and civil forfeiture cases is most clearly pronounced in situations like this one, where both cases are based on the same underlying offense, allegedly committed by the property's owner and claimant. In each case, the government must prove the same offense was committed, and the same person will be defending against the same charges based on the same evidence. It is therefore entirely unsurprising that much of the legal work done in one case will directly benefit the other. Performing such legal work under the cause number for the criminal case will sometimes be the most reasonable course of action in order to prevail in the forfeiture case. Fees for that work may be awarded pursuant to RCW 69.50.505(6), which clearly does not require courts to diminish a prevailing claimant's entitlement to attorney fees just because the claimant acted reasonably.

The facts presented here well illustrate the reasonableness of performing legal work in a criminal case to benefit a forfeiture claimant. Steven was charged

in his criminal case on the same day that OPNET filed its civil forfeiture complaint. He was thus left with three options: stay the forfeiture case pending the criminal case, stay the criminal case pending the forfeiture case, or litigate both cases at the same time. Steven chose the first strategy, and OPNET agreed to stay the forfeiture case. The trial court found that Steven pursued this strategy for the primary, subjective purpose of prevailing in the forfeiture case, noting the high value of the real property at issue in comparison to the relatively small impact that a criminal conviction would have on Steven's interests.

The court further found that Steven's strategy was objectively reasonable based on the circumstances presented. Indeed, in many circumstances, staying the forfeiture case pending the criminal case may be the most (and possibly only) reasonable option. Any other strategy (staying the criminal case pending the civil forfeiture or litigating both cases at the same time) may require a person to forfeit important constitutional rights that he or she is entitled to as a criminal defendant, including the right to a speedy trial and the right against self-incrimination. CONST. art. I, §§ 22, 9; *Austin*, 509 U.S. at 607 (constitutional rules that "are expressly limited to criminal cases" do not apply in civil forfeiture cases). It would also be an extremely inefficient use of resources for all parties involved. By litigating the criminal case first, however, Steven was able to pursue a successful suppression motion with preclusive effect in the forfeiture case, leading directly to

the dismissal of both cases without duplicative litigation or forfeiture of Steven's constitutional rights.

Steven thus reasonably incurred some attorney fees in his criminal case for the primary purpose of prevailing in the forfeiture case. Denying his right to recover those fees based solely on cause number would elevate form over substance and would fail to make Steven whole, even though he wholly prevailed. We therefore hold that the trial court properly exercised its discretion to award Steven some of his criminal defense attorney fees in accordance with RCW 69.50.505(6).

C.     Steven is entitled to partial attorney fees on review

The Fagers requested attorney fees on review in their Court of Appeals brief, and "[r]equests made at the Court of Appeals will be considered as continuing requests at the Supreme Court." RAP 18.1(b). As discussed above, Steven prevails on the second issue presented, but not the first. He is therefore entitled to the attorney fees he reasonably incurred on this court's review of the second issue. RCW 69.50.505(6); RAP 18.1(a); *Guillen*, 169 Wn.2d at 780.

## CONCLUSION

RCW 69.50.505(6) requires courts to award attorney fees to substantially prevailing claimants and gives them discretion to determine which fees were "reasonably incurred." The statute's plain language does not indicate that courts

should limit their inquiry into reasonableness based on cause number. The trial court here properly considered all the fees reasonably incurred by Steven Fager when he prevailed as a claimant in the civil forfeiture case. However, because Timothy Fager is not a claimant, the attorney fees he incurred in his criminal case were not incurred "by a claimant" and cannot be awarded in accordance with the statute's plain language. We therefore affirm in part and reverse in part the Court of Appeals and remand for the trial court to enter a corrected fee award consistent with this opinion.

_____ Lau, J.

WE CONCUR:

_____          _____ Stephens, J.

_____          _____ Wiggins, J.

_____ Madsen, J.

_____ Owens, J.          _____ Gonz&aacute;lez, J.

No. 95013-0

GONZÁLEZ, J. (dissenting)—The civil forfeiture statute does not authorize

attorney fees incurred in a criminal case to be awarded in a forfeiture proceeding.

To the extent the majority holds otherwise, I respectfully dissent.

The legislature made its intent plain. "In any proceeding to forfeit property

under this title, where the claimant substantially prevails, the claimant is entitled to

reasonable attorneys' fees reasonably incurred by the claimant." RCW

69.50.505(6). This statute explicitly limits attorney fees to "any proceeding to

forfeit property under this title." Attorney fees were meant to be limited to civil

forfeiture proceedings under Title 69 RCW. *See State v. Catlett*, 133 Wn.2d 355,

366-67, 945 P.2d 700 (1997) ("Seizure and forfeiture are civil processes and are

independent of the outcome of any criminal charges that might be brought against

the owner of the property." (quoting FINAL LEGISLATIVE REPORT, 51st Leg., at 119

(Wash. 1989))). I recognize that in *Guillen v. Contreras*, we read this statute

liberally. 169 Wn.2d 769, 778, 238 P.3d 1168 (2010). But liberal interpretation

does not, and cannot, override the explicit limitation of attorney fee recovery to "any proceeding to forfeit property."

The issue before us is a matter of form, not substance. *See* majority at 17. The civil forfeiture and criminal case are factually and legally two separate proceedings. They involve different parties and different interests. The legislature limited attorney fees to the civil forfeiture case. Contrary to the majority's assertion, RCW 69.50.505(6)'s "reasonably incurred" does not change the meaning of "any proceeding to forfeit property" to "any proceeding to forfeit property and any connected proceedings."

In each proceeding, Steven Fager faced different adversaries: the Olympic Peninsula Narcotics Enforcement Team in the forfeiture proceeding and the State of Washington in the criminal case. *See* Clerk's Papers at 305-06. He is entitled to an award of "reasonable attorneys' fees reasonably incurred" in the civil forfeiture proceeding only. RCW 69.50.505(6). I respectfully dissent.

González, J.

Fairhurst, CJ.